15477

PRICE v. HORTON MOTOR LINES, INC.

(23 S. E. (2d), 744)

*Messrs. Herbert & Dial,* of Columbia, Counsel for Appellant,

*Mr. Rudolph C. Barnes* and *Mr. Heyward Brockinton,* both of Columbia, Counsel for Respondent,

December 14, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER:

On August 6, 1938, the respondent commenced to work with Horton Motor Lines, Inc. (hereafter referred to as Horton), at Greenville, S. C., as a truck driver, and continued to work there until in December, 1939, when he agreed with Horton to transfer to Atlanta, Ga., at an increase in pay, and have a regular run as truck driver between Atlanta, Ga., and Charlotte, N. C., which run or route passed through

a corner of South Carolina, and some deliveries of freight were made in this State.

The appellant made three round trips each week when working regularly, and his headquarters was in Atlanta, Ga. When in Atlanta he first roomed at 963 Ponce de Leon Avenue, but later moved to 722 Ponce de Leon Court.

Approximately one year after entering upon this run or route, to wit, on December 6, 1940, appellant was injured at or near Winder, Ga., by being burned on the side of neck and face, and on his hands. For this injury he filed claim with the Georgia Compensation Commission, and was paid and accepted the sum of $198.34, which is the amount he was entitled to receive under the Georgia Workmen's Compensation Act for temporary total disability, and likewise was paid the sum of $872.50 hospitalization and medical bills, which was the total amount to which respondent was entitled under the Georgia Act.

The complete salary of respondent from December, 1939, to March, 1941, was included in the assured's Georgia pay roll and the Georgia compensation rates were paid to the insurance carrier.

Following appellant's recovery from his injury, he returned to his work with Horton on January 20, 1941, on the same run where he continued to work until in March, 1941, but on about April 5, 1941, having been notified by the South Carolina Highway Department, with whom he had pending an application for a job as highway patrolman, that his application had been acted upon favorably, the appellant secured a ninety-day leave of absence from Horton, and has not returned to his old job, but has been employed as a highway patrolman out of Lancaster, S. C.

This action was commenced on the 17th day of September, 1941, by filing of first notice with the South Carolina Industrial Commission. Thereafter the hearing commissioner, after a hearing, did on the 24th day of February, 1942, make an award to the respondent of the sum of $2,000.00 for

facial or head disfigurement, and the further sum of $218.54 travel expense, and $30.03 additional temporary and total disability.

Full credit was given to the insurance carrier by the South Carolina Industrial Commissioner for all benefits paid to respondent under the Georgia Act, and also for all hospitalization and medical bills paid thereunder.

On appeal the commission affirmed the award of the hearing commissioner, and on appeal the Court of Common Pleas affirmed the award of the commission.

The appellants (Horton and Maryland Casualty Company) have appealed from the order of the Court of Common Pleas affirming the South Carolina Industrial Commission on the grounds that the said commission had no jurisdiction of the matter under the applicable statutes; that respondent was estopped by proceeding under and accepting the award as made by the Georgia commission; that the amount of the award appealed from is excessive and not warranted by the evidence; and that the award for travelling expenses and additional disability was erroneous.

The precise question here involved has not heretofore been passed upon by this Court, and since we are dealing with a statutory right, the decisions of the Courts of other states are of little value in assisting us in arriving at a solution of the problem. We have, however, read all cases cited by the parties to this action.

The South Carolina Industrial Commission assumed jurisdiction of respondent's claim under Section 36 of the South Carolina Workmen's Compensation Act, Act July 17, 1935, 39 St. at Large, page 1249, which is as follows: "Where an accident happens while the employee is employed elsewhere than in this State which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, if the employer's place of business is in this State, and if the resi-

dence of the employee is in this State; provided his contract of employment was not expressly for service exclusively outside of the State: Provided, however, if an employee shall receive compensation or damages under the laws of any other State nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Act."

It will be seen from the foregoing that there are four prerequisites to the South Carolina Industrial Commission having jurisdiction: (1) The contract of employment must be made in this State; (2) the employer's place of business must be in this State; (3) the residence of the employee must be in this State; and (4) the contract of employment must be for services to be performed not exclusively outside of this State.

It is an admitted fact that the contract of employment was made at Greenville, in this State, and further, that the employer has a place of business in this State, to wit, at Greenville. The issue as to the place of "residence" of the respondent is very close, but there being some testimony to support the finding of the commission that respondent's residence was within the State, we are bound by such finding, as was the Circuit Judge. In other words, if a reasonable inference can be drawn from all of the testimony that respondent's residence was in this State, we have not the power to set aside the finding of the Industrial Commission to this effect. It is undisputed that respondent's run crossed a corner of this State, and that he made some deliveries to points in this State. Therefore, the contract of employment was for services to be performed not exclusively outside of this State.

Under Section 36 of the South Carolina Workmen's Compensation Act, and under the holding of this Court in *Knight v. Shepherd*, 191 S. C., 452, 4 S. E. (2d), 906, it would appear that both the South Carolina Industrial Commission and the Georgia Industrial Commis-

sion had jurisdiction to pass upon respondent's claim—that these respective commissions had concurrent jurisdiction—and except for the proviso to Section 36 above set out in full, we would hold that the respondent having first submitted his case to the Georgia commission, its finding and award would be *res judicata;* and that by respondent's action in submitting his case to said Georgia commission, and accepting the benefits of its findings, he would be estopped from seeking additional benefits through the South Carolina Industrial Commission by reason of our Workmens' Compensation Act. However, it was apparently the legislative intendment that such would not act as an estoppel up to the full benefits provided by the South Carolina Workmen's Compensation Act, if an employee comes within the provisions of Section 36 of said Act. The case of *Ham v. Mullins Lumber Company*, 193 S. C., 66, 7 S. E. (2d), 712, cited by the South Carolina Industrial Commission as authority for its conclusion that respondent was not estopped from submitting his claim to said commission, is not apposite to the issue here, the facts of that case being so entirely different from the facts of this case.

We find no support in the record for the contention of appellants that the award for disfigurement is "grossly excessive." It is not denied that there is a disfigurement for which, under the findings of the commission, an award should be made. The lower Court as well as the commission saw the respondent, and their conclusions are expressed to be based on this as well as on the other record testimony. Not having seen the respondent, we are unable to say from the record that the award is excessive. Whether we would have been warranted in disturbing the award (judgment) if the respondent had been brought before the Court as one of the exhibits in the case, as he might have been on motion, is not a question before us.

The exception to the allowance of travel expense is an issue not embraced in the grounds of appeal from the award of the commission as they are stated in the record, and were not passed upon by the Common Pleas Court. Hence it is not properly before us.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.