18632

Jane E. ARANT, Respondent, v. FIRST SOUTHERN COMPANY and the American Casualty Company, Appellants

(153 S. E. (2d) 919)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for appellants,*

*Messrs. Luther M. Lee* and *Dallas D. Ball,* of Columbia, *for respondent,*

April 10, 1967.

Bussey, Justice:

This is an appeal in a Workmen's Compensation proceeding, by the employer and carrier, from an order of the cir-

cuit court affirming a compensation award by the Industrial Commission.

The alleged accident sustained by the respondent-employee occurred in the State of Tennessee and the key question on appeal is whether the Industrial Commission had jurisdiction to adjudicate the claim, under the provisions of Sec. 72-169 of the 1962 Code of Laws. This court has repeatedly construed this section and held that there are four prerequisites to the South Carolina Industrial Commission having jurisdiction of a claim arising out of an out of state accident, such being: (1) The contract of employment must be made in this State; (2) the employer's place of business must be in this State; (3) the residence of the employee must be in this State; and (4) the contract of employment must be for services to be performed not exclusively outside of this State. *Price v. Horton Motor Lines,* 201 S. C. 484, 23 S. E. (2d) 744; *Tedars v. Savannah River Veneer Co.,* 202 S. C. 363, 25 S. E. (2d) 235, 147 A. L. R. 914; *Younginer v. J. A. Jones Construction Co.,* 215 S. C. 135, 54 S. E. (2d) 545; *Watson v. Wannamaker & Wells,* 212 S. C. 506, 48 S. E. (2d) 447.

In the instant case the cardinal question is whether the first prerequisite existed, that is, was the contract of employment made in this State?

It is well settled that in determining whether the South Carolina Industrial Commission had jurisdiction we are not bound by the factual findings of the Commission but are required to review the evidence and determine the jurisdictional facts in accordance with our view of the preponderance of the evidence. See *Younginer v. J. A. Jones Construction Co., supra,* and cases therein cited.

The corporate structure and activities of the appellant-employer, First Southern Company, and its subsidiary or subsidiaries, are somewhat involved. Its business operations are intertwined with its subsidiary known as Domestic Management, Inc., and various other subsdiary corporations known as Domestic Loans, Inc., such latter corporations hav-

ing as a part of their corporate names the towns or cities of their respective locations. The home offices of First Southern Company and its subsidiary Domestic Management, Inc., are located in Greensboro, North Carolina, but Domestic Loan offices operate in several states. Among other things, it is contended by the appellant-employer that the respondent was not its employee but an employee of its subsidiary, Domestic Management, Inc. For the purpose of this appeal, however, we shall assume, without deciding, that the employee was at the time of her alleged accident an employee of the appellant First Southern Company.

The facts disclosed by the record are as follows. The employee-claimant (who was from Florence, South Carolina) in the summer of 1961 was working in Columbia, South Carolina, and after some preliminary negotiations went, in August, to Charlotte, North Carolina, where she accepted employment as an office cashier with Domestic Loans of Charlotte, Inc. She resided in Charlottee and continued in such employment until about July 21, 1963, when she was given a new assignment and promotion by either Domestic Management, Inc., or First Southern Company. She was promoted to the position of auditor and training supervisor with an increase in salary of $90 a month. Upon her promotion, she went from Charlotte to Salisbury, North Carolina, for a one week training period under the head of the auditing department. In her new position her duties required her to check numerous loan offices, most of which were located in South Carolina, and her employer gave her the choice of establishing her headquarters in either Columbia or Florence. The employee chose Florence and from about August 1, 1963 until the time of the alleged accident in December 1963, the employee resided in Florence and performed most, but not all, of her duties in the State of South Carolina.

The hearing Commissioner found as a fact that the initial contract of employment with Domestic Loans, Inc. of Charlotte was made in Charlotte, North Caro-

lina. Such finding of fact was fully supported by the evidence, not excepted to, and affirmed by the full Commission and the circuit court. Accordingly, jurisdiction of the Commission, if any, must rest on two premises: (1) that a new contract of employment was entered into when the employee was promoted and assigned to other duties in July 1963, and (2) that such contract was made in South Carolina.

Assuming that such constituted a new contract of employment, we find the record devoid of any evidence tending to prove that it was made and entered into in South Carolina. True, it was to be performed largely in South Carolina, but all of the evidence tends to prove that there was a complete agreement between the parties in the State of North Carolina prior to the employee departing therefrom for the State of South Carolina. No case from this jurisdiction has been cited, or come to out attention, which lays down any rules by which to determine the place where a contract was made. The general rule of law, however, is that the place of contracting is the place where the minds of the parties met, or the place where the final act occurred which made a binding contract. 99 C. J. S. § 23, Workmen's Compensation, p. 159; 17A C. J. S., Contracts, § 356, p. 352. In the instant case all of the evidence is to the effect that the offer of the new employment was made in North Carolina and accepted by the employee in North Carolina, and that there was a complete and binding contract between the parties before the employee came to South Carolina.

In the case of *Watson v. Wannamaker & Wells,* 212 S. C. 506, 48 S. E. (2d) 447, a somewhat converse situation was presented. There the employee was killed in North Carolina and it was held that the contract of employment was made in South Carolina, and that the Commission did have jurisdiction. The evidence here that the contract of employment was made in North Carolina is even more conclusive, we think, than was the evidence in the cited case that the contract was made in South Carolina.

We conclude that the Industrial Commission was without jurisdiction and such conclusion makes it unnecessary to discuss the other questions raised on appeal.

The judgment of the lower court, is accordingly,

Reversed.

LEWIS, Acting C. J., and BRAILSFORD, J., and LIONEL K. LEGGE, Acting Associate Justice, concur.

G. BADGER BAKER, Acting Associate Justice, Disqualified.