21958

Bertha L. O'BRIANT, Angela O'Briant, and Gina O'Briant, Respondents, v. DANIEL CONSTRUCTION COMPANY (Daniel International Corporation) and Fidelity & Guaranty Insurance Underwriters, Appellants.

(305 S. E. (2d) 241)

---

[1] Now thirty days, Circuit Court Rule 102.

*T. Allen Childs, Jr.*, Clearwater, *for appellants.*

*Joseph F. Rice* and *Solomon Blatt*, Barnwell, *for respondents.*

July 19, 1983.

*Per Curiam:*

This is a worker's compensation case in which Daniel Construction Company, employer, and Fidelity and Guaranty Insurance Underwriters, carrier, appeal the award of death benefits to respondents, wife and daughters of the deceased, James L. O'Briant. We affirm.

The basic facts are not in dispute. O'Briant applied for employment with Daniel Construction at the company's Columbia Nitrogen job site in Augusta, Georgia. He was not offered a job at the time, but was later contacted by the company's office manager, Fred Hunt. From Augusta, Hunt telephoned O'Briant at his home in Belvedere, South Carolina, and offered him a job. O'Briant accepted the offer during that telephone conversation and later reported to work. He continued working until laid off by a Daniel shut-down.

A few months later, Hunt again telephoned O'Briant in

Belvedere and made an offer of employment which was accepted over the telephone. O'Briant reported to work at the Augusta site, was injured, and died several days later as a result of those injuries.

O'Briant signed his application and enrollment card in the Augusta office, was hired to work at the job site there, was paid in Augusta, and received his fatal injuries there.

Appellants denied they were subject to the South Carolina Worker's Compensation Act. The Single Commissioner concluded that O'Briant was hired in South Carolina, thus giving the South Carolina Industrial Commission jurisdiction. The Full Commission and circuit court both affirmed that conclusion.

Under section 42-15-10 of the 1976 South Carolina Code of Laws, as amended, a worker's compensation claim is authorized to be filed under the laws of the State where (1) the employee is hired, (2) the employee is injured, or (3) the employment is located. The Worker's Compensation Act is to be given liberal construction, with doubts of jurisdiction resolved in favor of inclusion, not exclusion, of employees. *Adams v. Davison-Paxon Co.*, 230 S. C. 532, 96 S. E. (2d) 566 (1957).

The existence of a contract, not the commencement of work, establishes the employer-employee relationship which is the jurisdictional foundation upon which an award is made. *Givens v. Steel Structures, Inc., et al.*, 301 S. E. (2d) 545 (1983); *Simpkins v. Lumbermen's Mutual Casualty Co.*, 200 S. C. 228, 20 S. E. (2d) 733 (1942). As a general rule of law, the place of contracting is the place where the minds of the parties meet or the place where the final act occurred which made a binding contract. *Arant v. First Southern Co.*, 249 S. C. 305, 153 S. E. (2d) 919 (1967). Where acceptance is given by telephone, the place of contracting is where the acceptor speaks his acceptance. *Pearson v. Electric Service Co. of Pensacola*, 166 Kan. 300, 201 P. (2d) 643 (1949), citing Restatement of Conflict of Laws § 326, Comment c (1934).

The final act which rendered a binding contract in the present case was O'Briant's verbal acceptance over the telephone. Although Daniel's offer was made from Georgia, for work to be performed in Georgia, the telephone call was made into South Carolina. We agree with the conclu-

sion that O'Briant was hired in South Carolina, thus giving the Commission jurisdiction under section 42-15-10.[1]

Accordingly, we affirm the decision of the circuit court.

The other issues raised by this appeal lack merit and are affirmed under Rule 23 of the Rules of Practice of this Court.

Affirmed.

---

[1] Prior to the Administrative Procedures Act, 1977 Act No. 176, Article II, a reviewing court in a worker's compensation case determined its view of the preponderance of the evidence. *Arant, supra;* See cases compiled at 19 West's S. C. Digest, *Worker's Compensation,* Key Nos. 1939 and 1969. There is also pre-APA authority which indicates both these determinations are matters of law.

Because the basic facts in the present case are not disputed, we need not address the issue of which standard of review now applies to determinations of jurisdictional questions and facts. The finding that O'Briant was hired in South Carolina can be affirmed under either standard.