### 23718

William H. MOORE, Appellant v. NORTH AMERICAN VAN LINES and National Union Fire Insurance Company, Respondents.

(423 S.E. (2d) 116)

Supreme Court

*J. Marvin Mullis, Jr.,* Columbia, *for appellant.*

*James W. Hudgens,* Spartanburg, *for respondents.*

Heard April 8, 1992.

Decided Sept. 21, 1992.

MOORE, Justice:

This is an appeal from an order of the Circuit Court setting aside an award of workers' compensation benefits. We affirm.

## FACTS

The facts pertinent to this appeal are not in dispute. In July 1982, appellant, a Spartanburg resident, saw a local newspaper advertisement for drivers for respondent North American Van Lines ("NAVL"). Appellant had driven for NAVL for several years in the 1970s and telephoned a friend, Keltner, who was still employed by NAVL as a truck salesman.

Keltner said appellant had been a good driver and that if appellant came to NAVL headquarters in Indiana, there would be a job waiting for him. Keltner referred appellant to the NAVL recruiters, who sent appellant an employment package outlining the job. Appellant underwent a physical examination in Spartanburg, then went to Indiana and took

driving tests between August 9 and 11.

On August 12, appellant entered into a "Contractor Operating Agreement" with NAVL. He also signed a workers' compensation authorization and addendum that states appellant is a sole proprietor and elects to be covered for workers' compensation exclusively under Indiana law.[1]

Appellant began driving for NAVL and was injured in a motor vehicle accident in Georgia in 1987. He sustained back and knee injuries which prevent him from doing any manual labor. Appellant applied for and received benefits through the Indiana Industrial Board. In December 1987, appellant applied for benefits through the South Carolina Workers' Compensation Commission ("Commission"). Appellant contends that he is entitled to benefits pursuant to S.C. Code Ann. § 42-15-10 (1985).

The single Commissioner ruled that appellant was hired by Keltner in South Carolina and entitled to full benefits here. The full Commission affirmed.[2] The circuit court reversed, finding that the Commission did not have jurisdiction over the case because appellant was not hired in South Carolina.

## ISSUE
Is appellant entitled to workers' compensation benefits pursuant to § 42-15-10?

## DISCUSSION
Section 42-15-10 states in part, "[a]ny employee covered by the provisions of this title is authorized to file his claim under the laws of the state where he is hired, the state where he is injured, or the state where his employment is located." Appellant contends he was hired in South Carolina during his telephone conversation with Keltner.

The contract establishes the relationship upon which an award of workers' compensation benefits is made. *O'Briant v. Daniel Construction Co.*, 279 S.C. 254, 305 S.E. (2d) 241 (1983). We must therefore determine the situs of the contract

---

[1] We need not reach the issue of whether appellant made a binding contractual waiver of his right to benefits in South Carolina.

[2] The Commission vote was three to reverse, two to affirm, and one to remand. Pursuant to Commission rules, the non-majority vote to reverse was deemed an affirmance and the findings of the single Commissioner were adopted by the full Commission.

to determine whether appellant was hired in South Carolina and therefore entitled to benefits under § 42-15-10.

For purposes of workers' compensation, the place of the contracting is where the minds of the parties meet or the final binding act occurs. *O'Briant*, 279 S.C. 254, 305 S.E. (2d) 241; *Arant v. First Southern Co.*, 249 S.C. 305, 153, S.E. (2d) 919 (1967). The single commissioner found that here, as in *O'Briant*, the claimant was hired when he accepted a job offer over the telephone in South Carolina even though the work and the employer were located elsewhere. We disagree.

Moore presented no evidence supporting his contention that Keltner had the authority to hire truck drivers. Keltner was in no way involved in the hiring of drivers for NAVL; he was in charge of truck sales. The only evidence in the record indicates Keltner did not have actual authority to extend a binding contractual offer to any potential driver.

Nor did Keltner have apparent authority to hire appellant. The basis of apparent authority is representations made by the principal to the third party and reliance by the third party on those representations. *Fernander v. Thigpen*, 278 S.C. 140, 293 S.E. (2d) 424; *Beasley v. Kerr-McGee Chemical Corp.*, 273 S.C. 523, 257 S.E. (2d) 726 (1979). Appellant presented no evidence that NAVL held Keltner out as having the authority to contract with drivers.

Further, federal law governs the hiring of drivers by motor carriers. 49 C.F.R. § 391 (1991). Department of Transportation regulations prohibit a motor carrier from requiring or permitting an unqualified person to drive a motor vehicle in furtherance of the carrier's business. In order to be qualified, the driver must, among other requirements, pass a physical examination, a written examination, and a road test. Appellant testified he knew that NAVL could not contract with him before he successfully underwent the tests that were conducted in Indiana. NAVL knew that if they contracted with appellant before he was approved by their safety department, they would be in violation of federal law.

Workers' compensation laws are to be liberally construed in favor of coverage. *Ost v. Integrated Products, Inc.*, 296 S.C. 241, 371 S.E. (2d) 796 (1988). Nevertheless, the claimant is not relieved of his burden of providing ev-

idence sufficient to support the award. *Cross v. Concrete Materials*, 236 S.C. 440, 114 S.E. (2d) 828 (1960). The record does not support a finding that Moore was hired in South Carolina. Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.