24320

William H. MOORE, Employee, Appellant v. NORTH AMERICAN VAN LINES, Employer, and National Union Fire Insurance Company, Carrier, Respondents.

(462 S.E. (2d) 275)

Supreme Court

*J. Marvin Mullis, Jr.* and *Frank A. Barton,* Columbia, *for appellant.*

*James W. Hudgens* and *Ladson F. Howell, Jr., The Ward Law Firm,* of Spartanburg, *for respondents.*

Heard May 4, 1995.

Decided Sept. 18, 1995.

FINNEY, Chief Justice:

In this workers' compensation case, appellant seeks a reversal of the order requiring him to make restitution for benefits paid but subsequently set aside on appeal.

Appellant was injured in a motor vehicle accident in Georgia while employed by respondents, headquartered in Indiana. Appellant resided in Spartanburg, South Carolina. Appellant applied for benefits through the Indiana Industrial Board and the S.C. Workers' Compensation Commission. The single commissioner affirmed by the Full Commission found that since appellant was hired in South Carolina, this state had jurisdiction over the claim and he was entitled to benefits. The circuit court reversed, finding the Commission did not have jurisdiction over the case because appellant was not hired in South Carolina. Accordingly, appellant was not entitled to benefits under State law. We affirmed the circuit court in *Moore v. North American Van Lines,* 310 S.C. 236, 423 S.E. (2d) 116 (1992).

Respondents paid benefits to appellant pursuant to the Commission's order until the circuit court reversed. Respondents moved in circuit court for a judgment in the amount of $6,783.85 for restitution of benefits paid prior to the reversal, and for appellate costs approved by this Court. The circuit court granted respondents' motion and awarded judgment in respondents' favor based on unjust enrichment. Appellant appeals the circuit court order. We affirm.

Appellant asserts the circuit court did not have jurisdiction to hear respondents' motion for restitution. Appellant contends S.C. Code Ann. § 42-3-180 (1985) provides that all workers' compensation questions must be determined initially by the Commission. Appellant maintains the circuit court acts as an appellate court and does not conduct a de novo trial on the issues. Therefore, he reasons the circuit court does not have authority to retain jurisdiction to hear a motion for restitution once a decision awarding benefits has been reversed. We disagree.

Following our affirmance in *Moore v. North American Van Lines*, and remittitur was returned to the circuit court. While we did not expressly "remand" the case, the remittitur was sent to the circuit court where it regained jurisdiction. *State v. Wise*, 33 S.C. 582, 12 S.E. 556 (1891). Accordingly, the circuit court had jurisdiction to hear respondents' motion.

Furthermore, the benefit award was reversed because the Commission did not have jurisdiction over the workers' compensation claim since appellant was not hired in South Carolina. Generally, reversal of a judgment on appeal has the effect of vacating the judgment and leaving the case standing as if no judgment had been rendered. *Brown v. Brown*, 286 S.C. 56, 331 S.E. (2d) 793 (Ct. App. 1985). When the award of the Commission was reversed by the circuit court, it became of no effect and was no longer in existence. *Miller v. Springs Cotton Mills*, 225 S.C. 326, 82 S.E. (2d) 458 (1954). Given that the Commission did not have jurisdiction over this matter it was appropriate for the circuit court to hear the motion for restitution based on unjust enrichment. Accordingly, the circuit court had jurisdiction to hear respondents' motion.

Next, appellant contends the court erred in awarding restitution without allowing an offset of any benefits ultimately determined to be owed under Indiana law.

The circuit court judge stated in his order that it would be improper for him to order an offset or deduction of benefits paid in Indiana since the South Carolina court has no jurisdiction over the Indiana claim. We agree. The employer's right to reimbursement when a judgment has subsequently been reversed is not restricted. *See Case v. Hermitage Cotton Mills,* 236 S.C. 515, 115 S.E. (2d) 57 (1960); and *Miller, supra.* Therefore, the circuit court did not err in ordering restitution.

The judgment below is

Affirmed.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.