374 S.C. 360 (2007)
649 S.E.2d 488
Gloria Jean YOUNG, as Personal Representative of the Estate of Bryant L. Armstrong, Deceased, Respondent,
v.
SOUTH CAROLINA DEPARTMENT OF DISABILITIES AND SPECIAL NEEDS and Fairfield/Newberry Disabilities Special Needs Board, Appellants.
No. 26371.
Supreme Court of South Carolina.
Heard June 19, 2007.
Decided August 13, 2007.
Rehearing Denied September 6, 2007.
*363 Andrew F. Lindemann, William H. Davidson, II, and Robert D. Garfield, all of Davidson, Morrison & Lindemann, P.A., of Columbia; Ruskin C. Foster and Hoover C. Blanton, both of McCutchen Blanton Johnson & Barnette, LLP, of Columbia, for Appellants.
John K. Koon, of Koon & Cook, P.A., of Winnsboro; and William B. Salley, Jr., of Salley Law Firm, of Lexington, for Respondent.
Justice BURNETT.
Gloria Jean Young (Respondent), as personal representative of the Estate of Bryant L. Armstrong, brought a wrongful death and survival action against the South Carolina Department of Disabilities and Special Needs (DDSN) and the Fairfield/Newberry Disabilities Special Needs Board (Board). The trial court granted Respondent's motion for partial summary judgment. We reverse.

FACTUAL/PROCEDURAL BACKGROUND
The decedent, Respondent's nine-year-old son, was severely disabled by cerebral palsy. He lived at home and received services from Pam Gaither, the Board's service coordinator. After noticing complications with the decedent's semi-electric hospital bed, Respondent reported her concerns to Gaither and obtained a prescription for another bed. Before the new bed arrived, Gaither attempted to secure the existing bed. On July 13, 2000, the decedent suffocated to death in his bed.
On January 14, 2002, Respondent filed a wrongful death and survival action against DDSN. DDSN asserted a general denial as well as sovereign immunity under the South Carolina Tort Claims Act.[1] On September 20, 2002, after learning Gaither is not a direct employee of DDSN, but of the Board, Respondent filed an amended complaint which joined the Board as an additional party-defendant. The Board asserted a statute of limitations defense.
DDSN and the Board moved for summary judgment. DDSN moved on the following bases: (1) a state agency *364 cannot be held liable under the Tort Claims Act for the acts or omission of Gaither because Gaither is not its employee; (2) DDSN cannot be liable for the negligence of an independent contractor or its employees; (3) the doctrines of apparent agency and non-delegable duty do not apply; and (4) DDSN did not breach any duty of care owed to the decedent. The Board moved on the basis of the statute of limitations.
Respondent made a cross-motion for partial summary judgment, seeking a ruling as a matter of law that Gaither is in a master-servant relationship with both DDSN and the Board, and the statute of limitations does not prevent the addition of the Board as a party. Respondent also sought summary judgment on the issue of apparent agency, claiming DDSN held out to the public that DDSN and the Board are interrelated such that DDSN has created an apparent agency relationship with the Board and consequently with Gaither. Further, Respondent claimed DDSN has a duty to provide services to the community which is a non-delegable duty. Finally, Respondent filed a motion for sanctions against DDSN's counsel for evasive and incomplete discovery responses, requesting the trial court estop DDSN from denying Gaither is its employee.
The trial court granted Respondent's motion for partial summary judgment. Specifically, the trial court found: (1) the Board and Gaither are servants of DDSN and DDSN is estopped from denying the same; (2) DDSN is liable for torts committed by the Board and Gaither under apparent agency principles and the doctrine of non-delegable duty; (3) and the statute of limitations does not bar Respondent's claim against the Board under the relation back theory. Finally, the trial court found there is a genuine issue of material fact as to whether the Board breached the standard of care and ordered that issue to be presented to the jury.
DDSN and the Board filed motions to alter or amend pursuant to Rule 59(e), SCRCP. Following a hearing, the trial court issued an order which reiterated its prior findings and, in effect, denied the 59(e) motions. DDSN and the Board filed this appeal, and we certified the case for review from the Court of Appeals pursuant to Rule 204(b), SCACR.

*365 STANDARD OF REVIEW

On appeal from an order granting summary judgment, the appellate court applies the same standard that governs the trial court. David v. McLeod Reg'l Med. Ctr., 367 S.C. 242, 626 S.E.2d 1 (2006). A trial court may properly grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), SCRCP; Pittman v. Grand Strand Entm't, Inc., 363 S.C. 531, 611 S.E.2d 922 (2005). The appellate court, like the trial court, must view all ambiguities, conclusions, and all inferences arising in and from the evidence in a light most favorable to the non-moving party below. Osborne v. Adams, 346 S.C. 4, 550 S.E.2d 319 (2001).

ISSUES
I. Did the trial court err in finding as a matter of law the Board and Gaither are employees or servants of DDSN?
II. Did the trial court err in finding DDSN is liable for Gaither's torts based upon apparent agency principles or the doctrine of non-delegable duty?
III. Did the trial court abuse its discretion in sanctioning DDSN by estopping DDSN from denying an employment relationship with Gaither and in barring DDSN from raising an "improper defendant" defense?
IV. Did the trial court err in ruling the statute of limitations did not bar Respondent's claim against the Board?

LAW/ANALYSIS

I. Master-Servant Relationship
DDSN argues the trial court erred in finding as a matter of law the Board and Gaither are employees or servants of DDSN. Based on an analysis of S.C.Code Ann. §§ 44-20-20 and-375 to-385 (2002), we agree.
*366 Sections 44-20-20 and-375 establish and recognize a statewide network of local boards of disabilities and special needs. Section 44-20-385 describes the powers and duties of local boards. It describes local boards as:
[T]he administrative, planning, coordinating, and service delivery body for county disabilities and special needs services funded in whole or in part by state appropriations to the department or funded from other sources under the department's control. It is a body corporate in deed and in law with all the powers incident to corporation....
Also, § 44-20-385(5) states:
[Local boards] shall employ personnel and expend its budget for the direct delivery of services or contract with those service vendors necessary to carry out the county mental retardation, related disabilities, head injuries, and spinal cord injuries services program....
Ordinances promulgated by Fairfield and Newberry Counties similarly grant the Board the authority to employ personnel. The plain language of the statutes and ordinances establishes the Board as a separate entity from DDSN and grants the Board the authority to hire employees. See Whitner v. State, 328 S.C. 1, 6, 492 S.E.2d 777, 779 (1997) ("[W]here a statute is complete, plain, and unambiguous, legislative intent must be determined from the language of the statute itself.").
The trial court's order made no reference to the statutes, focusing instead on the four-factor test used to determine whether a person is an employee of a particular entity. Under that test, the court considers (1) who has the right to control the person; (2) who pays the person; (3) who furnishes the person with equipment; and (4) who has the right to fire the person. Faile v. S.C. Dep't of Juvenile Justice, 350 S.C. 315, 329, 566 S.E.2d 536, 543 (2002). In determining the Board and Gaither are servants of DDSN, the trial court focused primarily on the amount of control DDSN exercises over the Board, noting specifically the guidelines followed by Gaither in exercising her duties as a service coordinator were promulgated entirely and directly by DDSN. The trial court also referred to the degree of supervision DDSN exercised over the Board, noting DDSN is most often the final decisionmaker and recognizing documents entitled "Service Coordination *367 Practices," which require compliance with DDSN policies and procedures by all service coordinators.
While there is evidence DDSN exercised control over Gaither, there is also evidence Gaither was hired by the Board and received her wages from the Board. Whether a master-servant relationship existed between DDSN and the Board and Gaither is a question for the jury. Viewing the evidence in the light most favorable to the non-moving party, it was error for the trial court to determine as a matter of law Gaither and the Board are servants of DDSN.

II. Agency and Non-delegable Duty
DDSN argues the trial court erred in ruling as a matter of law the Board and Gaither are agents of DDSN based on apparent agency principles and in finding DDSN is liable for torts committed by Gaither or other employees of the Board based on the doctrine of non-delegable duty. We agree.
"The basis of apparent authority is representations made by the principal to the third party and reliance by the third party on those representations." Moore v. North Am. Van Lines, 310 S.C. 236, 239, 423 S.E.2d 116, 118 (1992). In finding DDSN held out the Board and Gaither as its agents, the trial court relied on the definition of apparent agency stated in Simmons v. Tuomey Regional Medical Center, 341 S.C. 32, 51, 533 S.E.2d 312, 322 (2000):
One who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or by his servants, is subject to liability for physical harm caused by the negligence of the contractor in supplying such services, to the same extent as though the employer were supplying them himself or by his servants.
The trial court solely relied on DDSN's description of its relationship with local boards on its website in finding Gaither and the Board are servants of DDSN based on apparent agency principles because DDSN holds itself out to the public as providing a service and, in turn, the public looks directly to DDSN for care, reasonably believing any caseworker providing service is an employee of DDSN.
*368 Viewing the evidence in the light most favorable to Appellants, assuming there is evidence that DDSN made representations supporting a finding of an agency relationship between DDSN and the Board, there is no evidence in the record Respondent actually relied on representations made by DDSN. The trial court, therefore, erred because the record is devoid of any evidence to support the conclusion DDSN has an apparent agency relationship with the Board and Gaither.
DDSN also argues the trial court erred in finding DDSN liable for torts committed by the Board and Gaither under the doctrine of non-delegable duty. The trial court held DDSN has been entrusted with important duties and cannot delegate those duties. However, the duties exercised by the Board derive directly from the statutory scheme enacted by the General Assembly. Under S.C.Code Ann. §§ 44-20-20 and-375 to-385, the Board has been established as a separate entity with powers and duties separate from DDSN. Accordingly, the doctrine of non-delegable duty does not apply.

CONCLUSION
The trial court erred in determining an apparent agency relationship existed between DDSN, the Board, and Gaither and in conferring liability on DDSN under the doctrine of non-delegable duty. Further, based on the record and viewing the evidence in the light most favorable to Appellants, we find the trial court erred in determining as a matter of law the Board and Gaither are servants of DDSN. Appellants presented sufficient evidence to create a jury question as to whether a master-servant relationship existed. Therefore, we reverse the trial court's grant of partial summary judgment to Respondent and remand for further proceedings consistent with this opinion. Our disposition of these issues makes it unnecessary to address Appellant's remaining issues. See Whiteside v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 428 S.E.2d 886 (1993) (appellate court need not address remaining issues when resolution of prior issue is dispositive).
REVERSED AND REMANDED. *369 TOAL, C.J., MOORE and WALLER, JJ., concur.
PLEICONES, J., concurring in part, dissenting in part in a separate opinion.
Justice PLEICONES.
Respondent alleged her child died as the result of Pam Gaither's negligence. She brought a timely wrongful death and survival action against appellant South Carolina Department of Disabilities and Special Needs (State Agency). After the statute of limitations expired, respondent was permitted to amend her complaint under Rule 15(c), SCRCP, to add appellant Fairfield/Newberry Disabilities Special Needs Board (Local Board) as a defendant.
The circuit court filed an order granting summary judgment under Rule 56(d), SCRCP, holding:
1) Gaither and Local Board are employees of State Agency;
2) Gaither and Local Board are independent contractors of State Board, which is liable for Gaither's negligence because the State Board is either Gaither's "ostensible principal" or because State Board owes a non-delegable duty to respondent;
3) State Agency is estopped from arguing that Local Board and Gaither are not its independent contractors;
4) Respondent's amended complaint adding Local Board as a defendant relates back to the original complaint under Rule 15(c), SCRCP; and
5) Whether State Agency, Local Board, and/or Gaither breached the applicable standard of care is a jury issue.
Local Board and State Agency appealed.
Local Board raises only one issue: whether the circuit court erred in permitting respondent to add it as a defendant after the expiration of the statute of limitations. Unlike the majority, I feel that we must address this issue and would reverse. Jackson v. Doe, 342 S.C. 552, 537 S.E.2d 567 (Ct.App.2000). State Agency raises a number of issues, which I have addressed below.

*370 A. Employer/Employee Relationship

The circuit court concluded that Gaither and Local Board are employees of State Agency by applying a four-part test traditionally used to distinguish an employee/employer (master/servant) relationship from a principal/independent contractor relationship in the context of workers' compensation cases. E.g., Nelson v. Yellow Cab Co., 349 S.C. 589, 564 S.E.2d 110 (2002). In my opinion, where as here the legislature has created governmental entities and defined their duties and responsibilities, we should examine the applicable statutes to determine the nature of their relationship. Under these circumstances, there is no need to resort to the workers' compensation test.
State Agency was created by the "South Carolina Mental Retardation, Related Disabilities, Head Injuries, and Spinal Cord Injuries Act" (the Act). S.C.Code Ann. § 44-20-240 (2002). It is authorized to coordinate and oversee programs, and to contract with other state and local agencies to provide services and programs, § 44-20-250, and to employ its own staff. § 44-20-220. The Act provides for the creation of, and continuation of, county-based special needs and disabilities boards, § 44-20-375. These local boards are "public entities," § 44-20-375(D), and, among other things, are authorized to employ personnel or contract with service vendors. § 44-20-385(5).
In my opinion, there is no evidence in the record to support the trial court's holding that Local Board is an employee of the State Agency. Moreover, I can find nothing to support the conclusion that Gaither was an employee of State Agency as opposed to Local Board. To the extent the majority reverses the order granting summary judgment to respondent on her claim that Gaither and Local Board are the State Board's employees, I concur.

B. Agency

I agree with the majority that the finding of a principalagent relationship between State Agency and/or Local Board or Gaither must be reversed as there is simply no evidence respondent relied upon any representations by State Agency.

*371 C. Non-delegable Duty

In my opinion, the trial court erred in granting respondent summary judgment and holding that State Agency was vicariously liable for Gaither's alleged negligence. Unlike the majority, however, I would not hold that there is no evidence of such a duty, but would instead hold that there is a material question of fact whether such a duty may exist. Compare Madison ex rel. Bryant v. Babcock Center, Inc., 371 S.C. 123, 638 S.E.2d 650 (2006) (State Agency may be liable for negligent supervision by third party). I would therefore reverse the summary judgment ruling with the understanding that the trial court may conclude upon remand that there is such a duty.

D. Estoppel

As a sanction for perceived discovery abuses by State Agency the trial judge held State Agency was estopped from denying Local Board and Gaither are its independent contractors, a ruling which State Agency has appealed. Unlike the majority, I believe that we must address the issue now. If we leave it in effect, State Agency's liability will be established by estoppel. It then matters not that we have reversed the principal-agency holding, or the employer-employee/independent contractor-principal holding, or that we remain unconvinced at this juncture that there exists a non-delegable duty. For this reason, I would address the estoppel ruling, which I conclude must be reversed.
In estopping State Agency, the trial court relied on Rule 37, SCRCP. Specifically, the court cites Rule 37(a)(3) for the proposition that "an evasive or incomplete answer is to be treated as a failure to answer," finds State Agency's discovery responses were evasive and incomplete, and estops the Agency as a sanction, citing Rule 37. As State Agency points out, however, the first clause of Rule 37(a)(3) provides "For purposes of this subdivision," thereby limiting its reach to situations where a party may move for an order compelling discovery [Rule 37(a)], and not affecting these situations in which a court may impose discretionary sanctions [Rule 37(b)]. I make no judgment whether State Agency's discovery conduct was appropriate, but would merely hold that the trial judge cannot *372 rely upon Rule 37(a)(3) to estop State Agency under Rule 37(b).

E. Improper Defendant

The circuit court also held that State Agency waived its right to allege it was not the proper defendant because the defense of "improper defendant" is an affirmative defense under Rule 8(c), SCRCP, which the Agency failed to plead and thereby waived. I agree with State Agency that there is no such "affirmative defense:" it is the plaintiff's burden to prove her case against the defendant, not the defendant's obligation to prove he is not the proper party. I would reverse the order to the extent it holds State Agency may not deny that it may be liable for Gaither's alleged negligence.

CONCLUSION
For the reasons given above, I concur in part and dissent in part.
NOTES
[1] S.C.Code Ann. §§ 15-78-10 to-220 (2005 & Supp.2006)