**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

U.S. Bank, National Association, as trustee for the Holders of The Banc of America Funding Corporation, 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, Respondent,

v.

Rhonda Lewis Meisner a/k/a Rhonda L. Meisner; Bank of America, N.A.; and SCBT, Defendants,

Of whom Rhonda Lewis Meisner is the Appellant.

Appellate Case No. 2020-000069

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2022-UP-237
Submitted July 27, 2022 – Filed August 10, 2022

**AFFIRMED**

Rhonda L. Meisner, of Blythewood, pro se.

Jasmine Kelly Gardner, of McGuireWoods LLP, of Charlotte, North Carolina, and Magalie Arcure Creech, of Charleston, both for Respondent.

**PER CURIAM:**  In this mortgage foreclosure action, Rhonda L. Meisner (Meisner) challenges the order of the master-in-equity granting summary judgment to U.S. Bank, National Association, as trustee for the Holders of the Banc of America Funding Corporation, 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1 (U.S. Bank).  Meisner argues the master erred by: (1) determining it possessed the jurisdiction to rule on summary judgment; (2) finding there were no issues of material fact concerning U.S. Bank's standing to foreclose; and (3) determining U.S. Bank was entitled to attorney's fees.  We affirm.

1.  Meisner argues that because her appeal of the Order Striking Defendant's Jury Demand and for Mandatory Reference was still pending when U.S. Bank filed its Motion for Summary Judgment on April 15, 2019, the master did not have jurisdiction to consider it.  *See generally Wilson v. Walker*, 340 S.C. 531, 539, 532 S.E.2d 19, 23 (Ct. App. 2000) ("Generally, serving [the] notice of appeal divests the lower court of jurisdiction over the order appealed, except for matters not affected by the appeal."); *Jackson v. Speed*, 326 S.C. 289, 311, 486 S.E.2d 750, 761 (1997) ("Upon the service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal . . . . Nothing in these Rules shall prohibit the lower court . . . from proceeding with matters not affected by the appeal." (citing Rule 205, SCACR)).

However, the South Carolina Supreme Court remitted the case on June 28, 2019—four months before the hearing on the motion took place.  Therefore, because the motion was heard after the remittitur, the master had jurisdiction to hear and rule on U.S. Bank's motion for summary judgment consistent with the appellate court ruling.  *See Martin v. Paradise Cove Marina, Inc.*, 348 S.C. 379, 384, 559 S.E.2d 348, 351 (Ct. App. 2001) ("A question of subject matter jurisdiction is a question of law for the court."); *Parker v. Shecut*, 359 S.C. 143, 152, 597 S.E.2d 793, 798-99 (2004) ("When the Supreme Court remits a case to the circuit court, the circuit court 'acquires jurisdiction to enforce the judgment and take any action consistent with the Supreme Court ruling.'" (citing *Muller v. Myrtle Beach Golf & Yacht Club*, 313 S.C. 412, 414–15, 438 S.E.2d 248, 249-50 (1993))); *Moore v. N. Am. Van Lines*, 319 S.C. 446, 448, 462 S.E.2d 275, 276 (1995) (holding that despite the issuance of the remittitur and the fact that the case was not expressly "remanded" to the circuit court, the circuit court was still vested with jurisdiction to hear the appellant's motion for restitution).

2.  The master properly granted U.S. Bank's motion for summary judgment as there were no genuine issues of material fact concerning U.S. Bank's standing to foreclose

nor Meisner's default on the loan. *See Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); Rule 56(c), SCRCP (providing that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 362, 563 S.E.2d 331, 333 (2002) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below."); *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 220, 746 S.E.2d 478, 481 (Ct. App. 2013) ("Generally, a party must be a real party in interest to the litigation to have standing." (quoting *Hill v. S.C. Dep't of Health & Env't Control*, 389 S.C. 1, 22, 698 S.E.2d 612, 623 (2010))); *Patton v. Miller*, 420 S.C. 471, 479, 804 S.E.2d 252, 256 (2017) ("A real party in interest is 'the party who, by the substantive law, has the right sought to be enforced.'" (quoting *Draper*, 405 S.C. at 220, 746 S.E.2d at 481)); *U.S. Bank Tr. Nat'l Ass'n v. Bell*, 385 S.C. 364, 374, 684 S.E.2d 199, 204 (Ct. App. 2009) ("A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action.").

"Under Rule 56(c), SCRCP, the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact." *Peterson v. West Am. Ins. Co.*, 336 S.C. 89, 94, 518 S.E.2d 608, 610 (Ct. App. 1999). In support of its motion for summary judgment, U.S. Bank submitted copies of the note and mortgage, copies of the assignment of mortgage and corporate assignment, an affidavit in support of their motion for summary judgment, and a verified statement of account. Accordingly, we find U.S. Bank established that it is a holder of the mortgage and, as a result, met its initial burden of demonstrating standing.

We hold Meisner failed to submit a scintilla of evidence to withstand summary judgment. *See Fowler v. Hunter*, 380 S.C. 121, 125, 668 S.E.2d 803, 805 (Ct. App. 2008) ("[T]he non-moving party must set forth specific facts demonstrating to the court there is a genuine issue for trial."); *Hancock v. Mid-South Mgmt. Co., Inc.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."). Meisner relied on assertions in her pleadings, motions, and arguments that the assignment was defective and therefore U.S. Bank was not in possession of her note

and mortgage at the time they filed for foreclosure. *See Fowler*, 380 S.C. at 125, 668 S.E.2d at 805 ("[W]hen a party has moved for summary judgment[,] the opposing party may not rest upon the mere allegations or denials of [her] pleading to defeat it."); *Humana Hospital-Bayside v. Lightle*, 305 S.C. 214, 216, 407 S.E.2d 637, 638 (1991) ("Where the [opposing party] relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under Rule 56[ ] to grant summary judgment[ ] if, under the facts presented by the [moving party], [she] was entitled to judgment as a matter of law."). Additionally, it is uncontested that Meisner is in default for failure to pay on the mortgage. On appeal, Meisner cites only to the complaint, the answer, her memorandum in opposition of summary judgment, her motion to reconsider, and her arguments during the summary judgment hearing. *See West v. Gladney*, 341 S.C. 127, 135, 533 S.E.2d 334, 338 (Ct. App. 2000) ("[T]his court ordinarily will not consider statements of fact presented only in an attorney's argument in determining whether a genuine issue of material fact exists sufficient to preclude summary judgment."). Therefore, we hold the master did not err in granting summary judgment to U.S. Bank as Meisner failed to present any evidence creating a genuine issue of material fact.

3. The master properly granted attorney's fees because U.S. Bank possessed standing to foreclose as the holder of the mortgage which provided for reasonable attorney's fees and costs in the event of default. *See Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 383, 377 S.E.2d 296, 297 (1989) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute."); *id*. ("Where there is a contract, the award of attorney's fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown."); *U.S. Bank Tr. Nat'l Ass'n*, 385 S.C. at 379-80, 684 S.E.2d at 207 (reversing the master's denial of attorney's fees because the contract between the parties provided for reasonable attorney's fees and costs in the event of default).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.