2257

Joel CHAMBRON, Appellant v. LOST COLONY HOMEOWNERS ASSOCIATION and Hartford Accident and Indemnity Company, Respondents.

(451 S.E. (2d) 410)

Court of Appeals

*Melvin D. Bannister*, Columbia, *for appellant.*

*S. Jackson Kimball*, Rock Hill, *for respondents.*

Submitted Nov. 1, 1994.

Decided Nov. 28, 1994.

---

[4] The appellate court may affirm an order upon any ground appearing in the Record on Appeal. Rule 220(c), SCACR.

*Per Curiam:*

This is an appeal from the ward of damages for the issuance of a temporary injunction. Joel Chambron (Chambron) was awarded $2,781.07[1] as the result of the issuance of a temporary injunction in a case brought against him by the Lost Colony Homeowners Association (Lost Colony). Chambron appeals the amount of the award, contending he is entitled to additional damages covering the period between the issuance of the permanent injunction by the circuit court and the reversal of that injunction by the appellate court. We affirm.

Lost Colony brought an action against Chambron for alleged violation of restrictive covenants in a subdivision, seeking to enjoin Chambron from setting up a modular home in the subdivision. The court granted a temporary injunction to Lost Colony from June 12 through July 3, 1989. On July 3, 1989, the circuit court issued a permanent injunction against Chambron after a hearing on the merits. This court reversed the circuit court order on May 6, 1991, 304 S.C. 351, 404 S.E. (2d) 518. Thereafter, Chambron was awarded damages by the circuit court for housing, meals, and attorney fees incurred during the period of the temporary injunction.

At common law there was no liability, absent malicious prosecution, for a wrongfully issued injunction. J.R. Shepherd, Annotation, *Period for Which Damages are Recoverable or are Computed Under Injunction Bond*, 95 A.L.R. (2d) 1190, 1191 (1964). However, statutes in many states create the right to damages for wrongful injunctions. *Id.* In South Carolina, Rule 65, SCRCP, deals with injunctions. Subsection (c) states, in part, as follows:

> Except in divorce, child custody and nonsupport actions where the giving of security is discretionary, *no restraining order or temporary injunction* shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, *for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.* (Emphasis added.)

---

[1] The initial order granting damages of $4,781.07 was reduced by $2,000.00 in attorney's fees representing fees incurred during the trial phase of the litigation.

By the clear language of our rule, the recovery of costs and damages is limited to the period of a temporary restraining order or temporary injunction. The possibility of damages during the duration of a temporary injunction is provided for by security because the party which is the object of the injunctive relief has not had an opportunity to fully adjudicate his rights. However, a permanent injunction is issued only after a full adjudication. Thus, there is no provision for recovery of costs or damages incurred during the period of a permanent injunction.

Accordingly, the decision of the circuit court is

Affirmed.

HOWELL, C.J., SHAW and GOOLSBY, JJ., concur.

