324

504 S.E.2d 590

Gayle H. TAYLOR, deceased, by her personal representative
Thomas Calvin TAYLOR, and Thomas C. Taylor,
Respondents,

v.

Rajko D. MEDENICA, M.D., and Cancer–Immuno
Biology Laboratory, Inc., Defendants,

Of whom Cancer–Immuno Biology
Laboratory, Inc. is Appellant.

Supreme Court of South Carolina.

Aug. 20, 1998.

## ORDER

Respondents brought this action against appellant pursuant to the Unfair Trade Practices Act (UTPA), S.C.Code Ann. §§ 39–5–10 to –160 (1985). A judgment of $36,242 actual damages was entered against appellant and that amount was trebled. *Taylor v. Medenica,* 324 S.C. 200, 479 S.E.2d 35 (1996). On remand, the trial court awarded respondents $500,000 in attorneys' fees and $24,068 in costs. This Court affirmed. *Taylor v. Medenica,* 331 S.C. 575, 503 S.E.2d 458 (1998).

Respondents now move, pursuant to Rule 222(b), SCACR, for an award of costs and attorneys' fees incurred in responding to this appeal. Respondents also move to modify the attorneys' fee provided by Rule 222. Respondents seek $7,600 in attorneys' fees and $81.66 for costs of printing respondents' brief. Appellant has not filed a return to this motion.

■ Respondents base their request for modification of attorneys' fees on the language of S.C.Code Ann. § 39–5–140(a)(1985), of the UTPA, which provides for reasonable attorneys' fees and costs. Section 39–5–140(a) states the following:

Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39–5–20 may

bring an action individually, but not in a representative capacity, to recover actual damages. If the court finds that the use or employment of the unfair or deceptive method, act or practice was a willful or knowing violation of § 39–5–20, the court shall award three times the actual damages sustained and may provide such other relief as it deems necessary or proper. *Upon the finding by the court of a violation of this article, the court shall award to the person bringing such action under this section reasonable attorney's fees and costs.*

(Emphasis added).

Whether respondents are entitled to appellate attorneys' fees pursuant to this statute and if so, in what amount, are questions to be determined by the circuit court. *See Muller v. Myrtle Beach Golf & Yacht Club,* 313 S.C. 412, 438 S.E.2d 248 (1993); *McDowell v. South Carolina Dep't of Social Services,* 304 S.C. 539, 405 S.E.2d 830 (1991). Accordingly, respondents' request for modification of the attorneys' fees set forth in Rule 222 is denied without prejudice to their right to seek additional attorneys' fees pursuant to § 39–5–140(a) in the circuit court.

 Rule 222(a) states that unless otherwise ordered by the appellate court or agreed by the parties, costs shall be taxed against the appellant when the judgment on appeal is affirmed. Rule 222(b) states that the prevailing party shall be entitled to recover, among other things, the cost of printing the party's final brief and an attorney's fee in an amount which shall be set by order of this Court. That amount is currently set at $1,000. We therefore award respondents the $1,000 attorneys' fee and $81.66 for the cost of printing respondents' brief as allowed by Rule 222.

IT IS SO ORDERED.

/s/ Ernest A. Finney, Jr., C.J.

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.

TOAL, J., not participating.