559 S.E.2d 348

Civil Lou **MARTIN** and Woodrow J. Martin, Plaintiffs/Respondents,

v.

**PARADISE COVE MARINA, INC.,** John B. Anderson, Bonar B. Anderson, Rosalyn Anderson and Phil Galante, Defendants.

Harold Jeffery Bogar and Jeffery H. Bates, Intervening Plaintiffs,

v.

Paradise Cove Marina, Inc., John B. Anderson, Bonar B. Anderson, Rosalyn Anderson and Phil Galante, Defendants,

and

John S. Divine, III, Intervening Defendant,

of whom John B. Anderson is the, Appellant.

No. 3419.

Court of Appeals of South Carolina.

Submitted Nov. 6, 2001.
Decided Dec. 17, 2001.
Rehearing Denied Feb. 21, 2002.

380

Reynolds Williams and Brad T. Willbanks, both of Willcox, Buyck & Williams, of Florence, for appellant.

Douglas N. Truslow, of Columbia, for respondents.

CURETON, J.:

Appellant, John Anderson (Anderson), filed a motion to recover damages under a temporary injunction bond. The circuit court found it lacked subject matter jurisdiction to hear the motion and dismissed the matter. Anderson appeals. We reverse and remand.

## FACTUAL/PROCEDURAL BACKGROUND

Paradise Cove Marina, Inc. (PCM) owned land which it planned to develop into a marina. Shareholders of the corporation included John Divine (Divine), Anderson, Civil Lou Martin (Mrs. Martin), and others. Anderson also formed a separate partnership, JBP, with two other PCM shareholders. In 1989 Divine sold his 20,000 shares of PCM stock to JBP, in return for a $100,000 note which was due on October 27, 1992 (JBP Note). JBP apparently sold the Divine shares back to PCM and took back a $100,000 note, also due on October 27, 1992 (PCM Note). Neither note was paid when due, and Divine obtained a judgment against JBP on February 4, 1993. Sometime later, JBP offered to assign the PCM Note to Divine in satisfaction of his judgment. Divine accepted the PCM Note only as additional security for payment of the JBP Note.

Early in 1994, PCM's shareholders agreed to sell PCM's sole substantial asset, the real estate on which the marina was to be built, and they later voted to pay the PCM Note out of the proceeds. At a subsequent shareholders' meeting, PCM's shareholders rescinded authorization to pay the note. Meanwhile, Mr. and Mrs. Martin filed an action to prevent payment of the PCM Note. They obtained a temporary injunction prohibiting PCM from paying the PCM Note out of the proceeds of the real estate sale. The injunction required the Martins to provide an injunction bond of $126,250 for the payment of costs and damages suffered by any party found to have been wrongfully enjoined. Divine, an intervening party, moved for summary judgment. The circuit court granted the motion for summary judgment and ordered PCM to pay the proceeds from the PCM Note to Divine thereby dissolving the temporary injunction. The circuit court denied the Martins' motions to vacate or reconsider the order. On appeal, this court affirmed the circuit court. Our supreme court denied the petition for a writ of certiorari. The remittitur was sent to the circuit court on June 22, 1999.

On August 9, 1999, Anderson filed a motion, pursuant to Rule 65, SCRCP, to recover $500,000 in damages from the injunction bond. Anderson alleged lost profits on the sale of property and other damages to his business and personal

assets resulting from the Divine judgment against him. Anderson also asserted he was entitled to costs and attorney fees.

The Martins moved to dismiss the action for lack of subject matter jurisdiction. They argued that Anderson had ten days in which to move for costs after the circuit court order dissolved the temporary injunction. Alternatively, they argued that Anderson had fifteen days after the appellate courts ruled in his favor to move for costs pursuant to Rule 222, SCACR. Because he did not move for costs after the circuit court's order, nor did he move for costs after the South Carolina Supreme Court denied the petition for a writ of certiorari, the Martins argued Anderson waived his opportunity to seek costs. They further asserted that after the case was remitted to the circuit court on June 22, 1999, the case was ended with finality and the circuit court no longer had jurisdiction to entertain any matter concerning the case.

Anderson argued the circuit court did not have jurisdiction to entertain a motion for costs after the circuit court granted Divine's motion for summary judgment because the Martins filed an appeal. Anderson further argued that once the appeal was filed, the appellate courts had jurisdiction to consider the entire case, including the validity of the injunction. Anderson admitted the dissolution of the injunction was not an issue raised in the original appeal by the Martins, but he argued that it would not have been prudent to pursue costs from the bond while the rest of the case was before the appellate courts.

The circuit court granted the motion to dismiss for lack of jurisdiction.[1] The court found (1) Anderson or Divine could have petitioned the circuit court for costs prior to the September 28, 1998, Court of Appeals opinion; (2) it had no jurisdiction because the matter was remitted, not remanded, to the circuit court; (3) costs could have been taxed within fifteen days after entry of the appellate judgment pursuant to Rule 222, SCACR; and (4) the doctrine of res judicata applied to

---

[1]. According to the "Order: Disposition of Motions" signed by the circuit court judge, the parties agreed that no written order was necessary and the judge orally dictated his ruling in the record.

the action and deprived the court of jurisdiction. Anderson appeals. We reverse.

## STANDARD OF REVIEW

■ This is an appeal from the grant of a motion to dismiss for lack of subject matter jurisdiction. A question of subject matter jurisdiction is a question of law for the court. *Woodard v. Westvaco Corp.*, 315 S.C. 329, 332, 433 S.E.2d 890, 892 (Ct.App.1993), vacated on other grounds by 319 S.C. 240, 460 S.E.2d 392 (1995).

## DISCUSSION

### I. Subject Matter Jurisdiction

■ In finding that it lacked jurisdiction to entertain Anderson's motion for damages under the injunction bond, the circuit court held Anderson should have moved for damages under Rule 65(c), SCRCP, during the pendency of the appeal or within fifteen days after filing of the appellate judgment pursuant to Rule 222(d), SCACR. Anderson argues the circuit court erred in this conclusion. We agree.

■ Initially, we find the circuit court erred in holding Anderson should have moved for costs under the injunction bond within fifteen days pursuant to Rule 222, SCACR. Although Rule 222(d) provides that a party seeking costs must file a motion with the appellate court within fifteen days of the issuance of the remittitur, recovery under the rule is clearly limited to costs incurred in pursuing the appeal, such as the filing fee, the cost of obtaining the transcript, the cost of printing the Record on Appeal and final briefs, and limited attorney fees.

■ We likewise find the circuit court erred in concluding Anderson's failure to move for damages under Rule 65(c) during the pendency of the appeal divested the circuit court of subject matter jurisdiction. Rule 65(c), SCRCP,[2] outlines the

---

2. Except in divorce, child custody and non-support actions where the giving of security is discretionary, no restraining order or temporary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of

procedures for temporary injunction bonds. Recovery under an injunction bond is limited to costs and damages incurred during the period of the temporary restraining order or temporary injunction. *See Chambron v. Lost Colony Homeowners Ass'n*, 317 S.C. 43, 45, 451 S.E.2d 410, 411 (Ct.App. 1994). Rule 65(c) does not state a time limit within which a party suffering injuries due to a temporary injunction must move to recover damages on the injunction bond. "The general rule is that no right or cause of action accrues for the wrongful issuance of an injunction until there has been a final determination of the action in which the injunction was issued." 43A C.J.S. *Injunctions* § 320 (1978). However, if an appeal is pending, a suit on the bond is premature. 42 Am.Jur.2d *Injunctions* § 341 (2000). *But see* 43A C.J.S. *Injunctions* § 320 (1978) (stating some courts find the right to an action on a bond immediately follows dissolution of the bond notwithstanding an appeal from the judgment).

▆▆▆ The jurisdiction of the circuit court to hear matters after issuance of the remittitur is well established. For instance, once the remittitur is issued from an appellate court, the circuit court acquires jurisdiction to enforce the judgment and take any action consistent with the appellate court's ruling. *See Muller v. Myrtle Beach Golf & Yacht Club*, 313 S.C. 412, 414–15, 438 S.E.2d 248, 250 (1993). In *Moore v. North American Van Lines*, 319 S.C. 446, 462 S.E.2d 275 (1995), the South Carolina Supreme Court held that despite the issuance of the remittitur and the fact that the case was not expressly "remanded" to the circuit court, the circuit court was still vested with jurisdiction to hear the appellant's motion for restitution. *Moore*, 319 S.C. at 448, 462 S.E.2d at 276. Further, circuit courts are vested with jurisdiction to hear motions for statutory attorney fees and trial costs after the remittitur has been issued. *Muller*, 313 S.C. at 414–16, 438 S.E.2d at 250; *see also Bunkum v. Manor Props.*, 321 S.C. 95, 98–99, 467 S.E.2d 758, 760 (Ct.App.1996) (jurisdiction to enter-

---

such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.... A surety upon a bond or undertaking under this rule submits himself to the jurisdiction of the court.... His liability may be enforced on motion without necessity of an independent action.

Rule 65(c), SCRCP.

tain motion for costs against an appeal bond was properly in the circuit court, not with the master, after the remittitur was issued).

We do not interpret Rule 65(c) to preclude an application to the circuit court for damages on a bond after an appeal has ended and the remittitur has been issued. A motion for costs under an injunction bond is similar to motions for trial costs, attorney fees, and restitution. Accordingly, we find the circuit court had subject matter jurisdiction to entertain the motion after the remittitur was issued.

## II. Res Judicata

Anderson also argues the circuit court erred in relying on the doctrine of res judicata to dismiss his claim. We agree.

Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties. Under the doctrine of res judicata, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.' To establish res judicata, the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit.

*Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (citations omitted).

Clearly, the subject matter in this action, individual damages allegedly suffered by Anderson resulting from wrongful injunction, is not the same as the subject matter of the former suit to determine whether PCM had to pay the proceeds of the sale of the marina to Divine as payment on the note. Accordingly, the circuit court erred in dismissing Anderson's claim based on the doctrine of res judicata.

## CONCLUSION

We reverse the circuit court's order and remand for a full hearing to determine the actual damages, if any, incurred by Anderson during the time the temporary injunction was in place. *See Chambron,* 317 S.C. at 45, 451 S.E.2d at 411

(limiting the recovery of costs and damages for wrongful injunction to the period of the temporary restraining order or temporary injunction). For the foregoing reasons, the judgment below is

**REVERSED AND REMANDED.**

HEARN, C.J., and STILWELL, J., concur.