623 S.E.2d 91

**BRACKENBROOK NORTH CHARLESTON, LP, North Bluff North Charleston, LP, Riverwoods, LLC, Ashley Arbor, LLC, et al., Appellants,**

v.

**The COUNTY OF CHARLESTON, Andrew Smith in his official capacity as Charleston County Treasurer, Peggy A. Moseley in her official capacity as Charleston County Auditor, and D. Michael Huggins in his official capacity as Charleston County Assessor, Respondents.**

**No. 26070.**

Supreme Court of South Carolina.

Heard Oct. 19, 2005.

Decided Nov. 28, 2005.

504

G. Trenholm Walker, Andrew K. Epting, Jr., and Francis M. Ervin, II, all of Pratt, Thomas, Epting & Walker, P.A., of Charleston, for Appellants.

Bernard Eugene Ferrara, Jr. and Joseph Dawson, III, both of North Charleston, and M. Dawes Cooke, Jr. and P. Gunnar Nistad, both of Barnwell Whaley Patterson & Helms, of Charleston, for Respondents.

PER CURIAM:

The circuit court found it lacked jurisdiction to entertain Appellants' post-remittitur request for attorneys' fees because this Court's mandate instructed the circuit court to dismiss the appeal without prejudice. The circuit court also declined to entertain Appellants' "Motion to Shorten Time and Determine Compliance with Supreme Court Order." Appellants appeal. We agree with Appellants that the circuit court had jurisdiction over the attorneys' fees request, but hold that Appellants were not prejudiced by the circuit court's ruling since they are not entitled to attorneys' fees here, and agree with the circuit court that it lacked jurisdiction to determine compliance with our Order. We therefore affirm.

## FACTS/PROCEDURAL HISTORY

In *Brackenbrook North Charleston, LP v. County of Charleston*, 360 S.C. 390, 602 S.E.2d 39 (2004) (*Brackenbrook I*), the parties cross-appealed from a number of circuit court orders, including one denying Respondents' motion to dismiss the matter pursuant to S.C.Code Ann. § 12–60–3390 (2000 and Supp. 2003). We found this issue dispositive of both appeals, and "reverse[d] the circuit court orders and remand[ed] this matter with instructions to dismiss the suit without prejudice to [Appellants'] rights to pursue their refund requests" through administrative remedies. *Id.* at 399, 602 S.E.2d at 44–45. Following this disposition of the appeals, the Court ordered the following extraordinary relief to, as Appellants characterize them in their brief, "wronged non-party taxpayers:"

> We are deeply concerned that other taxpayers within the class certified by the circuit court judge in this case may have forgone their administrative remedies in reliance on the orders issued in this case. For this reason, and because County concedes, as it must, that it is required to return the unlawfully collected taxes, we instruct that all taxpayers within the class who have not yet filed administrative refund actions shall have 120 days after the remittitur is sent to file such claims. Notice of this right shall be given to all eligible taxpayers, in writing, by County within thirty days of the filing of this opinion.

*Id.* at 399–400, 602 S.E.2d at 45.

After the remittitur in *Brackenbrook I* was returned to the circuit court, Appellants filed a "Petition and Motion for Award of Attorneys' Fees" and a "Motion to Shorten Time and Determine Compliance with Supreme Court Order." The Compliance Motion sought to have the circuit court decide whether Respondents had properly identified and notified all eligible non-party taxpayers as required by this Court in *Brackenbrook I;* to determine whether Respondents had accurately calculated the amount of the refunds; to determine when those refunds would be received; and to hear any other issues which might arise from the implementation of this Court's order requiring Respondents to give notice.

On November 16, 2004, a circuit court order was filed which implemented this Court's mandate in *Brackenbrook I* by dismissing Appellants' suit without prejudice pursuant to § 12–60–3390. Several days later, the circuit court issued an order denying Appellants' request for attorneys' fees and their Compliance Motion, finding that the "case is ended and the action concluded" by the November 16, 2004 dismissal order. Appellants appeal from this order.

## ISSUES

1) Whether the circuit court properly dismissed Appellants' motion for attorneys' fees?

2) Whether the circuit court properly declined to entertain Appellants' motion to determine compliance with our order?

## ANALYSIS

### A. *Attorneys' Fees*

Appellants' requests for attorneys' fees pursuant to S.C.Code Ann. § 15–77–300 (2005)[1] was dismissed by the circuit court, apparently because the court concluded that once the underlying civil action had been dismissed, it no longer had jurisdiction over the request. Appellants contend this was error, and we agree. Under the fee shifting statutes at issue here,[2] a request for attorneys' fees shall be made "within thirty days following final disposition of the case." S.C.Code Ann. § 15–77–310 (2005). Where there has been an appeal, "final disposition of the case" occurs when the remittitur is filed in the circuit court. *McDowell v. S.C. Dep't of Soc. Serv.*, 300 S.C. 24, 386 S.E.2d 280 (Ct.App.1989). Appellants' attor-

---

1. Appellants also sought to recover attorneys' fees under a "common fund" theory. *See e.g. Petition of Crum*, 196 S.C. 528, 14 S.E.2d 21 (1941) (under certain circumstances court has equitable jurisdiction to award an attorney's fee to a party creating or preserving a common fund). At oral argument, however, Appellants informed the Court they were no longer pursuing this theory as the basis for a fee award.

2. S.C.Code Ann. §§ 15–77–300 through –340 (2005).

neys' fees request was made within thirty days of the circuit court's filing of the *Brackenbrook I* remittitur and was therefore timely under § 15–77–310.

 The circuit court erred in finding it lacked jurisdiction to consider Appellants' statutory attorneys' fees request. Jurisdiction over the case vests in the circuit court upon receipt of the remittitur from the appellate court. *See e.g. Martin v. Paradise Cove Marina, Inc.*, 348 S.C. 379, 559 S.E.2d 348 (Ct.App.2001) (jurisdiction of the circuit court to hear matters related to case after the issuance of remittitur is well-established). We find, however, that Appellants cannot show prejudice warranting reversal stemming from the circuit court's error.

 Section 15–77–300 permits the prevailing party in a civil action to recover attorneys' fees from an opposing political subdivision party under certain conditions. Attorneys' fees may be awarded if the court finds the agency acted without substantial justification in pressing its claim, and if there are no special circumstances that would make an attorney's fee award unjust. *Id.* Here, the "claim" pressed by Respondents in *Brackenbrook I* was that the circuit court was not the proper forum for adjudicating Appellants' tax refund request, the very issue upon which Respondents prevailed on appeal. Appellants cannot meet the statutory requirement of demonstrating that Respondents acted without substantial justification.[3] Accordingly, they are not entitled to reversal on this ground. *Owners Ins. Co. v. Clayton*, 364 S.C. 555, 614 S.E.2d 611 (2005) (error without prejudice does not require this Court to reverse).

### B. *Motion to Shorten Time and Determine Compliance*

 Appellants contend that upon receipt of the remittitur, the circuit court was vested with authority to enforce this

---

**3.** We do not suggest that Respondents' conduct throughout this entire tax fiasco has been 'substantially justified.' The statutory attorneys' fees relate to the civil action only, where Respondents' defense was successful.

Court's mandate in *Brackenbrook I*. We agree. *E.g.*, *Martin v. Paradise Cove*, *supra*. The mandate is the "[o]fficial mode of communicating judgment of appellate court to lower court, directing action to be taken or disposition to be made of cause by trial court." *Black's Law Dictionary* 867 (5th Ed. 1978). Here, the 'disposition of the cause' was the dismissal of Appellants' suit without prejudice since it had been brought in the wrong forum. On the other hand, our instruction to Respondents to promptly notify all affected taxpayers [4] who had not already brought an administrative action of their right to a refund was not a part of Appellants' cause, and thus not a part of our mandate. It was instead a directive to a party to take action for the benefit of non-parties.

The notification requirement originated with this Court in an effort to treat non-parties fairly, and to expedite the refunds due them. Respondents' failure to comply with this directive would offend this Court, not the circuit court. If a person within the class created by our directive were aggrieved by Respondents' failure to comply with it, then her remedy would be a Rule to Show Cause filed in this Court.

■ The circuit court did not err in finding it lacked jurisdiction over Appellants' "Motion to Shorten Time and Determine Compliance with Supreme Court Order."

## CONCLUSION

The circuit court properly declined to entertain Appellants' Motion to Shorten Time and Determine Compliance. While it erred in refusing to hear Appellants' motion for a statutory attorneys' fee, Appellants cannot demonstrate any resulting prejudice. Accordingly, the circuit court order is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

4. Appellants, having already filed for an administrative refund, were not beneficiaries of the Court's notification directive to Respondents.