750 S.E.2d 78

**Donald C. AUSTIN, Respondent,**

**v.**

**STOKES–CRAVEN HOLDING CORP., d/b/a Stokes Craven Ford, Appellant.**

**Appellate Case No. 2012–212843, 2013–000247.**

**No. 27324.**

Supreme Court of South Carolina.

Submitted Sept. 16, 2013.

Decided Oct. 23, 2013.

188

Andrew K. Epting, Jr. and Michelle N. Endemann, both of Andrew K. Epting, Jr., LLC, of Charleston, for Appellant.

Brooks Roberts Fudenberg, of Mt. Pleasant, and C. Steven Moskos, of Charleston, for Respondent.

Justice BEATTY.

The resolution of this case involves an interpretation of a narrow portion of our opinion in *Austin v. Stokes–Craven Holding Corp.*, 387 S.C. 22, 691 S.E.2d 135 (2010). Specifically, the consolidated appeals are the result of a dispute over the Court's holding concerning Donald C. Austin's entitlement to trial fees under the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act[1] (the "Dealer's Act") and whether this Court's denial of Austin's motion for appellate costs under Rule 222 of the South Carolina Appellate Court Rules ("SCACR") has preclusive effect on his right to pursue appellate and post-appellate fees under the Dealer's Act. As will be discussed, we affirm the trial judge's award of trial fees to Austin and remand this matter to the circuit court to conduct a hearing to determine what amount of appellate and post-appellate fees should be awarded to Austin.

## I. Factual/Procedural History

Austin filed suit against Stokes–Craven, an automobile dealership, after he experienced problems with his used vehicle and discovered the vehicle had sustained extensive damage prior to the sale. *Austin v. Stokes–Craven Holding Corp.*, 387 S.C. 22, 691 S.E.2d 135 (2010). In his Complaint, Austin alleged the following causes of action: revocation of acceptance, breach of contract, negligence, constructive fraud, com-

---

1. The South Carolina Regulation of Manufacturers, Distributors, and Dealers Act is codified at S.C.Code Ann. §§ 56–15–10 to –600 (2006 & Supp.2012).

mon law fraud, violation of the Dealer's Act,[2] violation of the South Carolina Unfair Trade Practices Act ("UTPA"), and violation of the Federal Odometer Act.[3] Based on these claims, Austin sought actual damages, punitive damages, prejudgment interest, and attorney's fees and costs. *Id.* at 35, 691 S.E.2d at 141–42.

The jury found in favor of Austin and awarded damages on the following causes of action: (1) negligence with an award of $26,371.10 actual damages and $144,000 punitive damages; (2) fraud with an award of $26,371.10 actual damages and $216,600 punitive damages; (3) constructive fraud with an award of $26,371.10 actual damages; and (4) a violation of the Dealer's Act with an award of $26,371.10 actual damages. The jury also found Stokes–Craven had violated the Federal Odometer Act. Additionally, the jury found in favor of Stokes–Craven regarding Austin's claim under the UTPA. *Id.* at 35, 691 S.E.2d at 142. Following the verdict, Austin moved for attorney's fees in the amount of $49,936.50 pursuant to the Dealer's Act and the Federal Odometer Act.

In an order addressing the parties' post-trial motions, the trial judge ruled: (1) Austin was required to elect among his remedies; (2) the jury's finding that Stokes–Craven violated the Federal Odometer Act entitled Austin to a statutorily authorized award of $1,500 plus attorney's fees and costs restricted to those incurred in presenting the claim under the Federal Odometer Act and not the case *in toto*; (3) Austin was entitled to recover $4,500 in attorney's fees, as opposed to the requested $49,936.50, based on the violation of the Federal Odometer Act; (4) Austin was entitled to taxable costs in the amount of $602.26; and (5) Austin was not entitled to prejudg-

---

2. At the time Austin filed suit, section 56–15–40 of the Dealer's Act provided in relevant part, "It shall be deemed a violation of paragraph (a) of § 56–15–30 for any manufacturer ... distributor, wholesaler ... or motor vehicle dealer to engage in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of the parties or to the public." S.C.Code Ann. § 56–15–40(1) (2006). We note the General Assembly amended this code section on June 7, 2013; however, this amendment does not affect the disposition of the instant case.

3. The Federal Odometer Act, specifically titled "Motor Vehicle Information and Cost Savings Act," is codified at 49 U.S.C.A. §§ 32701–32711 (West 2009).

ment interest. *Id.* at 36, 691 S.E.2d at 142. Austin elected to recover actual and punitive damages under his fraud claim. *Id.*

Stokes–Craven challenged the verdict alleging the trial judge committed several errors that warranted a new trial. *Id.* at 37–55, 691 S.E.2d at 142–152. In his cross-appeal, Austin contended the trial judge erred in requiring him to elect between his verdict for common law fraud and the violation of the Dealer's Act. *Id.* at 55, 691 S.E.2d at 152. Additionally, Austin claimed the trial judge erred in declining to award him prejudgment interest. *Id.* at 58, 691 S.E.2d at 153.

As to Stokes–Craven's appeal, the majority held: (1) there was no prejudicial abuse of discretion in admitting certain challenged testimony; (2) Austin offered proof of actual damages in the amount of $26,371.10; (3) Austin failed to prove Stokes–Craven violated the Federal Odometer Act with the requisite intent to defraud him as to the mileage of the truck; (4) the verdicts of fraud and violation of the UTPA were not inconsistent; and (5) there was evidence to support the jury's award of $216,000 in punitive damages. *Id.* at 59, 691 S.E.2d at 154.

In terms of Austin's cross-appeal, the majority held: (1) Austin was entitled to the entire amount of his request for attorney's fees and costs under the Dealer's Act, which amounted to $49,936.50; and (2) he was not entitled to pre-judgment interest. *Id.* Ultimately, this Court remanded to the circuit court for "entry of judgment consistent with our decision." *Id.* at 59, 691 S.E.2d at 154.

Relevant to the instant appeal is an analysis of the Court's divided opinion regarding Austin's entitlement to attorney's fees and costs under the Dealer's Act. In his post-trial motion, Austin sought to recover damages under all of the jury's verdicts in addition to attorney's fees and costs as statutorily authorized under the Dealer's Act and the Federal Odometer Act. *Id.* at 55, 691 S.E.2d at 152. The trial judge held Austin was required to elect one verdict from among the negligence, fraud, constructive fraud, and the Dealer's Act verdicts given Austin experienced one loss based on four different theories. *Id.* The judge also awarded Austin $1,500 in actual damages

and a "reasonable attorney fee" in the amount of $4,500, which represented the time spent on recovering under the Federal Odometer Act. *Id.*

Because Austin was ordered to elect between the jury's verdicts, he contended on appeal that he was denied the statutorily authorized attorney's fees and costs under the Dealer's Act given he chose to recover for his fraud claim, which only yielded actual and punitive damages. *Id.* at 56, 691 S.E.2d at 152.

The majority opinion, which was authored by Justice Beatty and joined by Justice Waller, agreed with Austin. *Id.* at 56–57, 691 S.E.2d at 153. In so ruling, the majority recognized "the proposition that a plaintiff may recover attorney fees under a statutory claim in addition to punitive damages under a common law claim." *Id.* at 56, 691 S.E.2d at 153. The majority noted that "[t]he rationale for this position is that an award for both does not amount to double recovery for a single wrong given attorney's fees are intended to make such claims economically viable for private citizens whereas an award of punitive damages is designed to punish wrongful conduct and deter future misconduct." *Id.* Thus, because the recovery of attorney's fees under the Dealer's Act was not duplicative of the award of punitive damages, the majority found that a decision in favor of Austin would not violate "the election of remedies doctrine's prevention of double redress for a single wrong." *Id.*

Having found that Austin could recover attorney's fees and costs under the Dealer's Act, the majority next considered whether Austin should be awarded the entire amount of his request or should be limited to the fees incurred in establishing his claim under the Dealer's Act. *Id.* at 57, 691 S.E.2d at 153. Under the specific facts of the case, the majority concluded that Austin was entitled to the entire amount of his request as it would have been "difficult to dissect Austin's counsel's fee affidavit to ascertain how much time was spent on this particular claim given the violation of the Act was based on the same facts and circumstances underlying his claims for fraud and constructive fraud." *Id.* The majority found support for this conclusion in *Taylor v. Nix*, 307 S.C. 551, 416 S.E.2d 619 (1992), wherein this Court held that an

award of attorneys' fees under the Dealer's Act was warranted even though the fee affidavit did not differentiate between the time spent preparing the claim under the Act and the non-statutory cause of action. *Id.* at 57, 691 S.E.2d at 153. Specifically, the Court in *Taylor* stated, "We hold when an action in which attorney fees are recoverable by statute is joined with alternative theories of recovery based on the same transaction, no allocation of attorney's services need be made except to the extent counsel admits that a portion of the services was totally unrelated to the statutory claim or it is shown that the services related to issues which were clearly beyond the scope of the statutory claim proceeding." *Taylor,* 307 S.C. at 557, 416 S.E.2d at 622.

Justice Pleicones concurred in part and dissented in part. Although Justice Pleicones agreed with the majority that "a plaintiff who elects to receive damages awarded under a common law theory may also be entitled to recover statutory costs and attorney[']s fees to which he is entitled under a separate verdict," he found the issue was not preserved for the Court's consideration. *Austin,* 387 S.C. at 64, 691 S.E.2d at 157.

Based on the majority's ruling that Austin's Odometer Act claim failed, Justice Pleicones believed Austin's "claim for attorneys' fees and costs die[d] with it." *Id.* Justice Pleicones also found Austin failed to preserve any issue regarding the availability of Dealer's Act fees and costs. *Id.* Because the trial judge's post-trial order did not address an election by Austin between punitive damages and statutory fees, Justice Pleicones believed it was incumbent upon Austin to file a motion to alter or amend. *Id.* According to Justice Pleicones, Austin's failure to do so precluded him from raising any issue on appeal regarding his entitlement to fees under the Dealer's Act.[4] *Id.*

---

4. We note, however, that Austin filed a post-trial motion requesting attorney's fees and costs as statutorily authorized under the Dealer's Act and the Federal Odometer Act. In support of this motion, Austin filed a "Memorandum Regarding the Election of Remedies" stating in part, "Additionally, Mr. Austin is entitled to an award of attorney's fees under the Dealer's Act since that remedy is not available under any other claim." The judge denied Austin's claim under the Dealer's Act as he awarded Austin a reasonable attorney fee of $4,500 pursuant to

Even assuming the issue was preserved, Justice Pleicones disagreed with the majority's holding that "pursuant to *Taylor v. Nix*, 307 S.C. 551, 416 S.E.2d 619 (1992), a plaintiff entitled to fees under the Dealers Act need not segregate the amount of attorney time and costs attributable to that claim and recover only these sums." *Id.* at 64, 691 S.E.2d at 157. Justice Pleicones also noted that "[n]owhere below did Austin specify he sought to recover fees and costs incurred in prosecuting the Odometer Act claim in addition to fees and costs incurred in pursuing the Dealers Act claim." *Id.* at 65, 691 S.E.2d at 157.

Justice Kittredge, who was joined by Chief Justice Toal, concurred in part and dissented in part. In his opinion, Justice Kittredge wrote:

I join the well-written majority opinion of Justice Beatty save two exceptions. Concerning the trial court's failure to grant a directed verdict due to the lack of evidence of fair market value and the election of remedies issue, I join the dissent of Justice Pleicones. Additionally, regarding the reprehensibility prong of the punitive damages analysis, I believe Justice Pleicones is correct in rejecting any reliance on Stokes–Craven's practice of not showing titles to custom-

---

the Federal Odometer Act. In so ruling, the judge stated that "[t]he amount of attorney's fees would be restricted to such amount as were reasonably and necessarily incurred relative to the Odometer Act and not include attorney fees and costs incurred *in toto* by [Austin] relating to the suit." Thus, the majority believed the issue was raised to and ruled upon by the trial judge. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review."); *see also Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2011) ("Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide us with a platform for meaningful appellate review." (citation omitted)).

Because the judge ruled on Austin's claim for recovery under the Dealer's Act, the majority believed it was unnecessary for him to file a Rule 59(e) motion. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 25 n. 5, 602 S.E.2d 772, 781 n. 5 (2004) ("An aggrieved party who is confident his issues and arguments were sufficiently raised to and ruled on by the trial court may wish to simply file and serve a timely notice of appeal."); *cf. id.* at 24 n. 4, 602 S.E.2d at 780 n. 4 ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

ers because the Federal Odometer Act claim fails as a matter of law. I nevertheless join the majority in affirming the punitive damages award. I believe there was ample evidence of Stokes–Craven's reprehensibility (which I do not view as "mild") beyond its failure to show titles to customers. I otherwise concur with the majority opinion's analysis regarding the punitive damages award.

*Id.* at 65–66, 691 S.E.2d at 158.

Following the issuance of this Court's opinion, Austin filed a motion seeking the costs of producing the briefs and record on appeal, filing fees, and the $1,000 attorneys' fee authorized by Rule 222, SCACR. He also sought attorneys' fees under the Dealer's Act, filed extensive briefing on his entitlement to the fees, and provided fee affidavits of his appellate counsel seeking 467 hours in fees. Stokes–Craven filed a return in opposition to the motion. In reply, Austin indicated the central dispute with respect to his entitlement to the requested attorneys' fees was whether the Court held he was entitled to attorneys' fees under the Dealer's Act. This Court summarily denied Austin's motion for fees pursuant to Rule 222.

Approximately two years later, Austin filed a motion in Clarendon County requesting trial, appellate, and post-appellate attorneys' fees of over $200,000 under the Dealer's Act. Circuit Court Judge John C. Hayes, III, who presided over the original trial, but is not a resident judge in Clarendon County, issued an order finding Justice Beatty's opinion is the opinion of the majority as to all issues and established the law to be followed in deciding Austin's motion for trial-level attorneys' fees. As a result, Judge Hayes awarded Austin $49,936.50 in trial-level attorneys' fees under the Dealer's Act, which, as this Court instructed, represented "the entire amount of his request for attorney's fees and costs under the South Carolina Dealer's Act."

Ultimately, Judge Hayes ordered the Clerk of Court for Clarendon County to enter judgment in favor of Austin against Stokes–Craven as follows: (1) actual damages of $26,371.10; (2) punitive damages of $216,600; and (3) trial-level attorneys' fees and costs of $49,936.50. However, he determined he did not have jurisdiction to hear Austin's motion for appellate attorneys' fees as he believed it was an

issue for a judge sitting in the Third Judicial Circuit. Stokes–Craven filed a notice of appeal with the Court of Appeals.

Stokes–Craven then sought to have the remainder of Austin's motion heard in the Third Circuit. Austin, however, objected to the motion being heard on the ground the matter was stayed by the filing of the notice of appeal. Circuit Court Judge W. Jeffrey Young agreed and entered an order wherein he declined to rule on the portion of the motion requesting appellate and post-appellate attorneys' fees. Stokes–Craven appealed this order to the Court of Appeals.

Subsequently, this Court granted Stokes–Craven's motion to certify [5] and consolidate the appeals.[6] Because the disposition of the appeals was dependent upon this Court's interpretation of its earlier opinion in *Austin*, the Court dispensed with briefing and oral argument. The order also instructed that Stokes–Craven could "seek attorneys' fees as appropriate following the resolution of the appeals."

## II. Discussion

### A. Arguments

Stokes–Craven contends Judge Hayes erred in granting Austin's motion and entering judgment for the entire amount of his trial-level attorneys' fees and costs as this Court denied his request for relief in *Austin*. Specifically, Stokes–Craven argues that a three-Justice majority, which consisted of Chief Justice Toal, Justice Pleicones, and Justice Kittredge, held that Austin failed to preserve for appellate review the issue of attorneys' fees under the Dealer's Act and that Austin's fee requests "died" with his claim under the Federal Odometer Act. Based on its interpretation, Stokes–Craven avers that

---

**5.** *See* Rule, 204(b), SCACR ("In any case which is pending before the Court of Appeals, the Supreme Court may, in its discretion, on motion of any party to the case, on request by the Court of Appeals, or on its own motion, certify the case for review by the Supreme Court before it has been determined by the Court of Appeals.").

**6.** *See* Rule 214, SCACR ("Where there is more than one appeal from the same order, judgment, decision or decree, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order the appeal to be consolidated.").

"the death of [Austin's] claim under the Dealer's Act is the death of all of his attorneys-fee claim[s], be they for trial fees, appellate fees, post-appellate fees, [and] 'fees about fees'." Stokes–Craven also notes that this Court's denial of Austin's claim for appellate fees and costs under Rule 222, SCACR is dispositive as to his current claim for these fees.

In his Return, Austin contends that [i]n a manner devoid of any ambiguity, the Court stated its holding: "In terms of [Austin's] cross-appeal, we hold: (1) [Austin] is entitled to the entire amount of his request for attorney's fees and costs under the South Carolina Dealer's Act." Respondent asserts that Justice Pleicones, in his dissent, "was of the view that Mr. Austin had failed to preserve this question, and that even if he had preserved it, he must then segregate his fees and costs specific to the Dealers' Act from any other fees and costs." Austin maintains that "[o]ne could scarcely have been any more clear that his view was the dissent" as Justice Pleicones stated, "I disagree with the majority that we may award all fees and costs sought on this record," and "I also disagree with the majority's holding ... a plaintiff entitled to fees under the Dealers Act need not segregate the amount of attorney time and costs attributable to that claim and recover only those sums."

Austin further contends that this Court's denial of his request for attorneys' fees and costs pursuant to Rule 222, SCACR was limited to a request under that rule and not the Dealer's Act; thus, this Court's prior decision as to Rule 222 attorney's fees is not dispositive.

## B. Analysis

Initially, we note that Austin's requests for fees stems from those authorized by the Dealer's Act, which provides in relevant part:

In addition to temporary or permanent injunctive relief as provided in § 56–15–40(3)(c), any person who shall be injured in his business or property by reason of anything forbidden in this chapter may sue therefor in the court of common pleas and *shall recover double the actual damages by him sustained, and the cost of suit, including a reasonable attorney's fee.*

S.C.Code Ann. § 56–15–110(1) (2006) (emphasis added). Pursuant to this statute, Austin seeks to recover fees incurred at three separate judicial levels: (1) trial, (2) appellate, and (3) post-appellate.

A determination of Austin's entitlement to these fees may be answered through a series of sequential questions. First, did a majority of this Court in *Austin* find that Austin was entitled to trial-level fees pursuant to the Dealer's Act? If so, then the question becomes whether this Court's denial of Austin's motion for costs and fees under Rule 222 precluded him from seeking appellate and post-appellate fees in the circuit court pursuant to the Dealer's Act? As will be explained, we answer "yes" to the first question and "no" to the second question.

### (1) Trial Fees

 As a threshold matter, we find the circuit court had jurisdiction to rule on Austin's motions regarding his request for each level of fees as the "jurisdiction of the circuit court to hear matters after issuance of the remittitur is well established." *Martin v. Paradise Cove Marina, Inc.,* 348 S.C. 379, 385, 559 S.E.2d 348, 351 (Ct.App.2001). Specifically, "once the remittitur is issued from an appellate court, the circuit court acquires jurisdiction to enforce the judgment and take any action consistent with the appellate court's ruling." *Id.* at 385, 559 S.E.2d at 351–52. "Further, circuit courts are vested with jurisdiction to hear motions for statutory attorney fees and trial costs after the remittitur has been issued." *Id.* at 385, 559 S.E.2d at 352.

As to Austin's request for trial-level fees, we note that Stokes–Craven does not dispute the actual amount of fees. Instead, Stokes–Craven contends Austin is not entitled to any fees as the effect of this Court's decision in *Austin* amounted to a complete denial of trial-level fees. Thus, the analysis of Stokes–Craven's argument is based entirely on how the Court "tallies the votes" in *Austin.*

Upon review of our opinion, we find the Court voted 4–1 in favor of awarding Austin his request for trial-level fees. Clearly, Justices Beatty and Waller voted to award these fees. Although Justice Pleicones agreed that a plaintiff who elects

to receive damages awarded under a common law theory may also be entitled to recover statutory costs and attorney's fees to which he is entitled under a separate verdict, he voted to deny the fees on error preservation grounds as he believed Austin did not challenge the trial judge's failure to explicitly rule on an award of fees under the Dealer's Act in the post-trial order. Justice Kittredge did not join in Justice Pleicones's error preservation analysis and expressed no opposition to the award of trial-level fees to Austin. Thus, by implication, Justice Kittredge and Chief Justice Toal voted to award the requested fees. Furthermore, at this juncture, Justice Kittredge and Chief Justice Toal have confirmed that this was their intention and they were in agreement with Justice Beatty's opinion. Accordingly, as previously mandated, we hold that Austin is entitled to an award of his request for trial-level fees.

Having found that Austin is entitled to trial-level fees, the question becomes whether the denial of Austin's request for appellate costs under Rule 222 precluded Austin from seeking appellate and post-appellate fees pursuant to the Dealer's Act.

### (2) Appellate / Post–Appellate Fees

█ As we interpret Austin's motions, we believe he employed two avenues in an attempt to recover appellate-level fees. First, he filed a motion pursuant to Rule 222 to recover the "standard" appellate fees. Second, following this Court's issuance of the remittitur, he filed a motion to recover a "reasonable attorney's fee" under section 56–15–110. We find this approach was permissible as the authority of this Court to grant fees under Rule 222 and the circuit court's authority to grant fees under the statute are not mutually exclusive.

Notably, it is within this Court's discretion whether to award fees and costs under Rule 222. *See* Rule 222(a), (e), SCACR (identifying circumstances for which an appellate court may tax costs on appeal). In contrast, section 56–15–110(a) states that a party who prevails under the Dealer's Act "**shall recover** double the actual damages by him sustained, and the cost of suit, including a reasonable attorney's fee." (Emphasis added.) This is a fundamental distinction as a denial of fees under a discretionary rule cannot eliminate a

statutory mandate. Thus, we hold that this Court's summary denial of Austin's request for attorney's fees under Rule 222 was not dispositive of his right to seek statutory fees in the circuit court.

Moreover, this conclusion is consistent with our jurisprudence interpreting Rule 222 wherein our appellate courts have found that a decision under this rule does not preempt an award of attorney's fees to which one is *otherwise entitled, i.e.,* statutorily authorized. *See Taylor v. Medenica,* 332 S.C. 324, 504 S.E.2d 590 (1998) (awarding Respondents a $1,000 attorneys' fee and $81.66 for costs as allowed by Rule 222 and holding that Respondents could seek additional attorneys' fees in the circuit court under the UTPA, which provides for reasonable attorneys' fees and costs); *Muller v. Myrtle Beach Golf & Yacht Club,* 313 S.C. 412, 416, 438 S.E.2d 248, 250 (1993) (finding Appellant waived right to recover appellate costs and fees under Rule 222 as he failed to file an itemized statement of costs prior to the Court's issuance of the remittitur, but holding that Appellant could seek appellate costs in the circuit court based on his statutory right under section 29–5–10 (authorizing costs incurred for the enforcement of a mechanic's lien) as "Rule 222 does not preempt an award of attorney's fees to which one is otherwise entitled" (citation omitted)); *McDowell v. S.C. Dep't of Soc. Servs.,* 304 S.C. 539, 543, 405 S.E.2d 830, 833 (1991) (holding that an award of attorney's fees under Supreme Court Rule 38 (precursor to Rule 222) did not "preempt an award of attorney's fees to which one is otherwise entitled" and, thus, Appellant could seek an award of attorney's fees pursuant to section 15–77–300, which permits an award of fees for a party prevailing in an action against a state agency); *see also Parker v. Shecut,* 359 S.C. 143, 597 S.E.2d 793 (2004) (recognizing, in a partition action, that whether Respondents were entitled to appellate attorney's fees pursuant to section 15–61–110 was a determination for the circuit court).

Accordingly, we find the Court's denial of Austin's Rule 222 motion had no preclusive effect on his attempt to seek statutory attorney fees in the circuit court, including appellate fees and the post-appellate fees incurred in enforcing the judgment against Stokes–Craven.

### III. Conclusion

Based on the foregoing, we find that Judge Hayes properly entered judgment in favor of Austin for the entire amount of his requested trial-level fees as this decision was consistent with this Court's mandate in *Austin*. Furthermore, we hold this Court's denial of Austin's request for appellate costs under Rule 222 did not preclude him from seeking appellate and post-appellate fees. Accordingly, we affirm Judge Hayes's order and remand the matter to a circuit court judge in the Third Judicial Circuit to conduct a hearing to determine what amount of appellate and post-appellate fees should be awarded to Austin.

**AFFIRMED AND REMANDED.**

TOAL, C.J., KITTREDGE and HEARN, JJ., concur.

PLEICONES, J., concurring in result only.