**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Yolanda Holmes, Respondent,

v.

Gerald Holmes, Appellant.

Appellate Case No. 2013-001226

———————

Appeal From Georgetown County
David G. Guyton, Family Court Judge

———————

Unpublished Opinion No. 2014-UP-280
Submitted April 1, 2014 – Filed July 9, 2014

———————

**AFFIRMED**

———————

Louis R. Morant, of Morant and Morant, LLC, of
Georgetown, for Appellant.

Holly Huggins Wall, of the Law Offices of Holly H.
Wall, LLC, of Johnsonville, for Respondent.

———————

**PER CURIAM:** The family court held Gerald Holmes (Husband) in contempt
and ordered him to pay Yolanda Holmes (Wife) $10,000. Husband appeals,
arguing the family court (1) lacked subject matter jurisdiction to award Wife
$10,000 and (2) modified the equitable distribution award by ordering him to pay

$10,000.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to subject matter jurisdiction: *Martin v. Paradise Cove Marina, Inc.*, 348 S.C. 379, 384, 559 S.E.2d 348, 351 (Ct. App. 2001) ("A question of subject matter jurisdiction is a question of law for the court."); *Capital City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009) ("We are free to decide questions of law with no deference to the trial court."); *Tatnall v. Gardner*, 350 S.C. 135, 137, 564 S.E.2d 377, 378 (Ct. App. 2002) ("The issue of subject matter jurisdiction may be raised at any time including when raised for the first time on appeal to this [c]ourt."); *Watson v. Watson*, 319 S.C. 92, 93, 460 S.E.2d 394, 395 (1995) ("Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong." (internal quotation marks omitted)); S.C. Code Ann. § 63-3-530(A)(13) (2010) (stating the family court's exclusive jurisdiction extends "in all cases or proceedings within the county against persons charged with failure to obey an order of the court made pursuant to authority conferred by law"); *Swentor v. Swentor*, 336 S.C. 472, 480 n.2, 520 S.E.2d 330, 334 n.2 (Ct. App. 1999) (stating that although an order regarding the distribution of marital property is not modifiable, it may be enforced by the family court).

2. As to whether the family court's decision requiring Husband to pay $10,000 for contempt was a modification of the equitable distribution award: *Green v. Green*, 327 S.C. 577, 581, 491 S.E.2d 260, 262 (Ct. App. 1997) ("[T]he law in South Carolina is exceedingly clear that the family court does not have the authority to modify court ordered property divisions."); S.C. Code Ann. § 20-3-620(C) (2014) ("The [family] court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal."); *Ex parte Jackson*, 381 S.C. 253, 258, 672 S.E.2d 585, 587 (Ct. App. 2009) ("Courts have inherent power to punish for contemptuous conduct."); *id*. ("Contempt results from the willful disobedience of a court's order."); *Curlee v. Howle*, 277 S.C. 377, 386, 287 S.E.2d 915, 919 (1982) ("Compensatory contempt

---

[1] Husband makes numerous other arguments on appeal; however, none are preserved for review.  *Washington v. Washington*, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (holding when an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion to amend, the issue is not properly presented to an appellate court for review).

is a money award for the plaintiff when the defendant has injured the plaintiff by violating a previous court order."); *id.* ("The goal is to indemnify the plaintiff directly for harm the contemnor caused by breaching the injunction."); *id.* ("Courts utilize compensatory contempt to restore the plaintiff as nearly as possible to his original position.").

**AFFIRMED.**[2]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.