**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shaul Levy and Meir Levy, Respondents,

v.

Carolinian, LLC, Appellant.

Appellate Case No. 2015-002638

———————

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-099
Heard November 7, 2017 – Filed March 7, 2018

———————

**AFFIRMED**

———————

David B. Miller and Benjamin Albert Baroody, of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., of Myrtle Beach, for Appellant.

R. Wayne Byrd and Audra M. Byrd, of Turner Padget Graham & Laney, PA, of Myrtle Beach; and R. Hawthorne Barrett and Mark B. Goddard, of Turner Padget Graham & Laney, PA, of Columbia, for Respondent.

———————

**PER CURIAM:**  This appeal arises from a dispute over the effect of the supreme court's opinion in *Levy v. Carolinian, LLC*, 410 S.C. 140, 763 S.E.2d 594 (2014) (*Levy I*), which reversed the circuit court's order but did not expressly remand the matter for further proceedings.  The supreme court held the circuit court erred in interpreting a redemption provision of Carolinian, LLC's[1] operating agreement (the Operating Agreement) to prohibit Shaul and Mier Levy (collectively, the Levys) from foreclosing their charging lien against Bhupendra Patel's distributional interest in Carolinian.  *Id.* at 146–48, 763 S.E.2d 597–98.  The supreme court found the Operating Agreement provided Carolinian the right to purchase Patel's distributional interest prior to a foreclosure sale, but the judicial sale extinguished Carolinian's right to redeem.  *Id.* at 147, 763 S.E.2d at 597.  Following the supreme court's transmission of the remittitur, the circuit court held a nonjury trial and granted some of the declaratory and injunctive relief the Levys requested in their complaint.  After the denial of its Rule 59(e), SCRCP, motion to alter or amend, Carolinian appealed, arguing the circuit court erred in conducting the second trial because the supreme court's decision in *Levy I* granted the Levys any relief they sought and ended the case.  We affirm.

## I. Jurisdiction

Carolinian argues the circuit court lacked jurisdiction to hold the second trial because *Levy I* merely reversed the circuit court but contained no specific language remanding the case for further proceedings.  Like the circuit court, we disagree. *Levy I* addressed only the provision of the Operating Agreement providing Carolinian the right to purchase Patel's distributional interest prior to the foreclosure sale; it did not address the Levys' further requests for declaratory and injunctive relief as set forth in their complaint.

After denying Carolinian's petition for rehearing in *Levy I*, the supreme court remitted the case to the circuit court.  *See Wise v. S.C. Dep't of Corr.*, 372 S.C. 173, 174, 642 S.E.2d 551, 551 (2007) (stating an appellate court divests itself of jurisdiction over a matter when it properly sends the remittitur to a lower court). Thereafter, the Horry County Clerk of Court properly returned the case to the active nonjury trial roster and scheduled a second trial.  *See Martin v. Paradise Cove Marina, Inc.*, 348 S.C. 379, 385, 559 S.E.2d 348, 351 (Ct. App. 2001) ("The jurisdiction of the circuit court to hear matters after issuance of the remittitur is well established.").  Because neither the circuit court nor the supreme court

---

[1] Carolinian is a closely held, manager-managed limited liability company (LLC) which manages hotel and rental properties in Horry County.

addressed the Levys' claims for declaratory and injunctive relief in *Levy I*, the supreme court's reversal logically required the circuit court to conduct additional proceedings to consider any remaining claims set forth in the complaint. *See Moore v. N. Am. Van Lines*, 319 S.C. 446, 448, 462 S.E.2d 275, 276 (1995) (explaining that although it "did not expressly 'remand' the case, the remittitur was sent to the circuit court where it regained jurisdiction" to hear the appellant's motion); *Martin*, 348 S.C. at 385, 559 S.E.2d at 351–52 ("[O]nce the remittitur is issued from an appellate court, the circuit court acquires jurisdiction to enforce the judgment and take any action consistent with the appellate court's ruling.").

## II. Justiciability

Carolinian argues *Levy I* rendered the remainder of this case moot and left no remaining case or controversy for adjudication. We disagree.

The Levys and Carolinian remain in an ongoing adversarial relationship—the Levys own the distributional interest associated with Patel's membership in Carolinian, which Carolinian wants but failed to purchase pursuant to the terms of the Operating Agreement. Thus, there is a real and substantial risk that without the circuit court's order, Carolinian will continue to seek ways to circumvent or undermine the Levys' distributional interest. The record illustrates that at the time of the second nonjury trial, Carolinian was still attempting to use the language of the Operating Agreement to interfere with the Levys' distributions. Under these circumstances, we find the Levys' claims for declaratory and injunctive relief remained outstanding and in dispute following the supreme court's decision. *See Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 424, 593 S.E.2d 462, 467 (2004) ("The controversy is real and substantial; it is not contingent, abstract, or hypothetical. The validity of the ordinance and the parties' rights under it as they presently exist will be resolved by our decision."). Thus, *Levy I* did not render the remainder of this case moot. *See Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy.").

Finally, although Carolinian's appeal sets forth a challenge to the terms of the injunctive relief awarded to the Levys, it did not raise this argument to the circuit court at the initial hearing. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review."). The record reflects that at the May 12, 2015 hearing, Carolinian devoted almost its entire argument to the theories that no

justiciable controversy existed and the circuit court lacked authority to issue any order at all.  Other than reading from the Levys' complaint, Carolinian offered no argument challenging the terms of the injunctive relief sought.  Although Carolinian briefly set forth a substantive challenge to the Levys' request for injunctive relief at the hearing on its motion to alter or amend, it was too late for Carolinian to properly assert a new argument at that time.  *See Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not.").  Therefore, we find unpreserved Carolinian's argument addressing the merits of the circuit court's grant of injunctive relief.  *See Staubes*, 339 S.C. at 412, 529 S.E.2d at 546 ("Error preservation requirements are intended 'to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.'" (quoting *I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000))).

Accordingly, the findings and decision of the circuit court are

**AFFIRMED.**

**WILLIAMS, THOMAS and MCDONALD, JJ., concur.**