**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The RMUE through its General Officers Barbara B. Clark, Warren E. Hatcher, Cassie Keeton, Daniel Green, Powell Hampton, Amos Hatcher, Bobby Keeton, James Moseley and Willie B. Oliver, Respondents,

v.

Herman Bolds, Richard Brown Cecil Parker, Theodore Miller, Carl Miller, Joan S. Roper, Martha Matthews, Thomasina G. Walker, Marilyn S. Washington, Jaree R. Stanley, Audrey Wilder, Derrick Lucas, Willie Parker, Jr., James Cromwell, James A. Roper, III, Elizabeth R. Parker, Jacqueline R. Miller and Payne Church, Appellants.

Appellate Case No. 2018-000653

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-075
Submitted January 1, 2021 – Filed March 10, 2021

**AFFIRMED**

Eduardo Kelvin Curry, of The Curry Law Firm LLC, of North Charleston, for Appellants.

Darrell T. Johnson, Jr., and Mills Lane Morrison, Jr., both of Law Offices of Darrell Thomas Johnson, Jr. LLC, of Hardeeville, for Respondents.

----

**PER CURIAM:** Herman Bolds and other members of Payne Church, Inc. (collectively, Payne Church) appeal an April 2018 order from the circuit court determining all issues in the litigation were finalized following the circuit court's February 2016 order enforcing a settlement agreement between Payne Church and the Reformed Methodist Union Episcopal organization, its members, and its officers (collectively, RMUE), and quieting title to real property in favor of RMUE. We affirm pursuant to Rule 220(b), SCACR, because the circuit court's April 2018 order was consistent with this court's opinion affirming the February 2016 order[1] and therefore, the circuit court did not err in declining to offer Payne Church any further relief. *See Martin v. Paradise Cove Marina, Inc.*, 348 S.C. 379, 385, 559 S.E.2d 348, 351-52 (Ct. App. 2001) ("[O]nce the remittitur is issued from an appellate court, the circuit court acquires jurisdiction to enforce the judgment and take any action consistent with the appellate court's ruling."). Moreover, any issue relating to Payne Church's counterclaims is not preserved for appellate review. The circuit court's April 2018 order incorporated a March 2016 order dismissing Payne Church's counterclaims with prejudice and Payne Church did not contest the dismissal or file a Rule 59(e), SCRCP, motion. *See Laughon v. O'Braitis*, 360 S.C. 520, 527, 602 S.E.2d 108, 111 (Ct. App. 2004) ("A dismissal with prejudice acts as an adjudication on the merits and therefore precludes subsequent litigation just as if the action had been tried to a final adjudication."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party must file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

----

[1] *See The RMUE v. Herman Bolds (1)*, Op. No. 2018-UP-082 (S.C. Ct. App. filed Feb. 14, 2018).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.